MALVEEN J. KLUM, Plaintiff, *v.* CLINTON TRUST COMPANY et al., Defendants.

Supreme Court, Special Term, New York County, May 1, 1944.

*Scribner & Miller* for Lee S. Buckingham and others, defendants.

*Morris Stark* and *Julius Wilk* for plaintiff.

McLAUGHLIN, J. Plaintiff's complaint in this derivative stockholder's suit sets forth five causes of action based on two sets of so-called " free rides " in the stock market in 1936 and 1937, given by the bank to Charles H. Mullens. This was accomplished by means of the bank's purchasing certain stocks and carrying them for his account with the understanding that, while he would profit by any gains, he would not be required to make good losses.

The defendants, other than Clinton Trust Company, move to dismiss the complaint because (1) plaintiff lacks legal capacity

to sue, and (2) legal insufficiency is apparent on the face of the complaint.

The plaintiff purchased five shares of stock on January 31, 1944, apparently for the purpose of bringing this suit. While a stockholder's derivative action may serve a useful purpose, it is very often grossly abused and utilized for reasons disconnected with the interest of the corporation. (*Weinberger* v. *Quinn*, 264 App. Div. 405, affd. 290 N. Y. 635.) To correct this abuse the Legislature recently amended section 61 of the General Corporation Law. (L. 1944, ch. 667, eff. April 9, 1944) to provide (in relevant part) that " In any action brought by a shareholder in the right of a ⁑ * * corporation it must * * * appear that the plaintiff was a stockholder at the time of the transaction of which he complains * * *."

The language of this enactment does not indicate whether the Legislature intended this new requirement to be retroactive or prospective in its application to pending actions. In determining the legislative intent, if the change be considered of a procedural nature and not of substance, it is generally deemed to apply to pending actions. (*Peace* v. *Wilson*, 186 N. Y. 403, 406; *Lazarus et al.* v. *M. E. R. Co. et al.*, 145 N. Y. 581, 585; McKinney's Cons. Laws of N. Y., Book 1, § 55.)

The cause or causes of action asserted in a stockholder's derivative suit belong primarily to the corporation, the recovery must enure to the benefit of the corporation and the wrongs of which the stockholder complains are wrongs to the corporation and not to his personal individual rights. (*Alexander* v. *Donohoe et al.*, 143 N. Y. 203, 211; *Isaac* v. *Marcus*, 258 N. Y. 257, 264.) Even though a particular stockholder is ineligible, redress for the alleged wrongs may be secured by other stockholders within the statutory requirements.

In determining whether a similar provision of the Federal Rules of Civil Procedure, to wit, subdivision (b) of rule 23 or its predecessor, Equity Rule 27 of the Federal Rules of Practice in Equity, should be applied in States not having this requirement, the Federal courts have uniformly applied the Federal rule instead of the State rule. (See *Sumners* v. *Hearst*, 23 F. Supp. 986; *Piccard* v. *Sperry Corporation*, 36 F. Supp. 1006, affd. 120 F. 2d 328; *Perrott* v. *United States Banking Corporation*, 53 F. Supp. 953.) In so doing they decided either directly or in effect that only a procedural question was involved.

In *Perrott* v. *United States Banking Corporation* (*supra*) it is stated at page 956: " It seems to me the rule does not go

beyond procedure. The action is to recover for a wrong suffered by the corporation. Simply because a particular plaintiff cannot qualify as a proper party to maintain such an action does not destroy or even whittle at the cause of action.''

It is the court's opinion that the new amendment of section 61 is procedural in nature and was intended by the Legislature to apply to pending actions.

There appears to be merit to the defendants' contention that since plaintiff's title to her five shares of stock comes from persons who themselves could not have maintained this action because of participation in, acquiescence in or ratification of the challenged acts, she occupies no better position and is similarly disqualified.

According to the moving affidavit plaintiff became a stockholder of record on January 31, 1944, when five shares, which she purchased through Strauss Bros., brokers, were entered on the corporate books. These five shares were part of a lot of twenty-eight shares which were owned by William J. Waite, one of the defendants herein, for the benefit of himself and six other defendants, and were purchased by him from W. W. Warner, who had owned them from October 28, 1938, until the sale to Waite, the date of which is not specified. Warner is stated to have voted at three elections subsequent to June, 1941 (when the facts complained of were known), for the re-election of defendants and approval of their recorded transactions.

In Fletcher's Cyclopedia Corporations (1943 ed., Vol. 13, § 5865, p. 218) it is stated: '' Consent, participation or acquiescence of a holder of stock, sufficient to prevent him from attacking a corporate act, precludes an attack by a transferee of the stock to the same extent as if he himself was the consenting stockholder. * * * And the weight of authority is, that a transferee of shares is in the same position as his transferor with respect to suing on account of transactions prior to the transfer, even when he is a purchaser without notice, and that he is estopped to sue, without regard to his good faith, if his transferor was estopped, * * *.'' (See, also, *Parsons* v. *Hayes,* 14 Abb. N. C. 419.)

For the reasons indicated motion is granted. Settle order.