Irwin M. Coane et al., Individually and as Stockholders of American Distilling Company, Suing on Their Own Behalf and on Behalf of Stockholders Similarly Situated, and on Behalf of American Distilling Company, Plaintiffs, *v.* American Distilling Company et al., Defendants.

Supreme Court, Special Term, New York County, July 14, 1944.

*William G. Mulligan, Stewart M. Seymour, Martin J. Coughlin* and *Milton Kaplan* for defendants.

*Mortimer Feuer* and *Abraham Porter* for plaintiffs.

Eder, J. Motion for judgment dismissing the second amended complaint as to the remaining third and fifth causes of action or for alternative relief. The defendants stress strongly sec-

tion 61 of the General Corporation Law (L. 1944, ch. 667, as amd., eff. Apr. 9, 1944).

It now provides: '' In any action brought by a shareholder in the right of a foreign or domestic corporation it must be made to appear that the plaintiff was a stockholder at the time of the transaction of which he complains or that his stock thereafter devolved upon him by operation of law.''

The instant suit is one brought by plaintiffs suing as stockholders in the right of the American Distilling Company. There is no affirmative allegation in the amended complaint that each of the plaintiffs was a stockholder at the time of the transaction of which complaint is made nor is there any allegation that his stock thereafter devolved upon him by operation of law. For this reason it is claimed by defendants that plaintiffs have no standing to maintain this action.

There is the allegation in the affidavit of the plaintiff Coane that in or about the year 1936 he became a stockholder of the corporate defendant American Distilling Company; no precise date is given. It appears that on November 26, 1936, American Commercial Alcohol Corporation, which then owned all of the common stock of the American Distilling Company, declared a dividend in the form of two shares of preferred stock of American Distilling Company for every five shares of American Commercial Alcohol Corporation common stock, such dividend to be payable December 24, 1936; that the distribution of preferred stock of the American Distilling Company, which took place on December 24, 1936, to the stockholders of American Commercial Alcohol Corporation, was the first issuance of any class of stock of the American Distilling Company to members of the public (Defendants' Exhibit B). This thus establishes that date as the earliest date at which plaintiff Coane could have been a preferred stockholder of the American Distilling Company; the plaintiff Koster became a stockholder of that company in June, 1942. No plaintiff other than said Coane and Koster has come forward with any evidence showing that they were stockholders of the corporate defendant American Distilling Company at the time of the transactions of which complaint is made.

The clear language of section 61, as amended, makes it an imperative requirement that it affirmatively appear that each plaintiff was a shareholder of the corporation at the time of the transaction of which complaint is made and it is manifest that the failure to affirmatively show this fact is a fatal defect and bars the maintenance of the action.

The statute under consideration has been patterned after subdivision (b) of rule 23 of the Federal Rules of Civil Procedure [U. S. Code, tit. 28, rule 23, subd. (b)]. Rule 23 is entitled " Class Actions " and subdivision (b) thereof which is entitled " *Secondary action by shareholders* ", so far as here pertinent, provides: " In an action brought to enforce a secondary right on the part of one or more shareholders in an association, incorporated or unincorporated, because the association refuses to enforce rights which may properly be asserted by it, the complaint shall be verified by oath and shall aver (1) that the plaintiff was a shareholder at the time of the transaction of which he complains or that his share thereafter devolved on him by operation of law ".

Subdivision (b) of rule 23 was formerly rule 27 of the new Federal equity rules (Federal Rules of Equity Practice, rule 27), entitled " *Stockholders' Bill* ", adopted by the United States Supreme Court on November 4, 1912, and the language of the requirement thereof and that of present subdivision (b) of rule 23 is almost identical. Prior to that time it was old equity rule 94, promulgated January 23, 1882 (104 U. S. ix); the language thereof and of rule 27 was almost identical; indeed, the language of rule 94 was incorporated verbatim into rule 27.

The Federal Rules of Civil Procedure were promulgated by the Supreme Court pursuant to the authority conferred by chapter 651 of the Act of June 19, 1934 (U. S. Code, tit. 28, §§ 723b, 723c), and said rules became effective September 16, 1938, rule 86 of the Federal Rules of Civil Procedure (U. S. Code, tit. 28, rule 86). Thus it is seen that this rule has been in effect under one numeral designation or another, but without change of substance, for more than sixty-two years. Throughout all that period it has been consistently considered, regarded, treated and applied in the Federal courts as a rule of procedure and not as a substantive right.

The instant suit was begun in early 1942, at a time considerably prior to the passage of the said amendment to section 61. However, in invoking its provisions it is the position of the defendants that section 61 is applicable to pending actions. On the other hand the plaintiffs claim it is not, that the said enactment is not procedural in character but is substantive in nature and hence it cannot validly operate retrospectively, and plaintiffs contend, further, that if section 61, as amended, is held applicable to pending actions, it is unconstitutional.

If this statute is held to be procedural and not substantive and hence applicable to pending actions, it follows that the cur-

rent amended complaint is fatally defective for failure to affirmatively allege the requirement set forth by this amendment.

The adoption of old Federal equity rule 94, and of its successors, resulted directly from the decision of *Hawes* v. *Oakland* (104 U. S. 450) and it was there directly held that a stockholder might not bring an action in behalf of the corporation to avoid a fraudulent transaction consummated before he acquired his stock.

Prior to the passage of section 61, as amended, the contrary was definitely the rule in this State. (*Pollitz* v. *Gould,* 202 N. Y. 11, 15.) In that case, HISCOCK, J., writing for a unanimous court, said: "Assuming this question to be an open one in this court, we have no hesitation in approving the rule which has heretofore prevailed in this state; that in the absence of special circumstances this character of action may be maintained by a stockholder acquiring his stock subsequent to the transaction which is challenged, rather than the contrary one prevailing elsewhere. We do this not only because a long and uniform line of decisions by our own courts ought to have weight, but because the rule established by these decisions seems to be the sounder one." (See, also, *Continental Securities Co.* v. *Belmont,* 206 N. Y. 7, 11.)

By the adoption of subdivision (b) of rule 23 and its enactment into the law of this State it is apparent that the rule heretofore prevailing in this State as announced in the *Pollitz* case (*supra*) has now been completely abrogated. The plaintiffs, however, argue that it has not been abrogated and that this cannot be so, as the embodiment thereof into statutory law as remedial legislation cannot change its true character and that such right of action nonetheless survives and continues to remain a substantive right and therefore such a law can only validly operate prospectively and that it cannot and does not affect pending actions unless the statute so expressly declares; that in this instance the Legislature has not made such an express declaration with respect to section 61, as amended.

The question then to be determined is whether section 61, insofar as it requires an affirmative allegation of ownership of stock at the time of the acts complained of, affects a substantive right or involves a matter of procedure in order to arrive at a correct construction, and in this connection it is proper to consider the history of the legislation and the end sought to be attained.

In explanation of old Federal equity rule 94, the following is stated in Hopkins' Federal Equity Rules (8th ed., p. 140):

*" Plaintiff's Stock Ownership.—* The object of the rule is to prevent actions of the character under consideration being brought by persons who buy stock for the purpose of extortion by litigation — hence the required allegation ' that the plaintiff was a shareholder at the time of the transaction of which he complains, or that his share had devolved on him since by operation of law.' The bill must comply strictly with this requirement."

In connection with the proposed amendment to section 61 and incorporating therein the language of subdivision (b) of rule 23, the Governor's memorandum dated April 9, 1944, and filed with Senate Bill, Introductory Nos. 1314 and 1315, is pertinent: " In recent years a veritable racket of baseless lawsuits accompanied by many unethical practices has grown up in this field. Worse yet, many suits that were well based have been brought, not in the interests of the corporation or of its stockholders, but in order to obtain money for particular individuals who had no interest in the corporation or in its stockholders. Secret settlements — really pay-offs for silence — have been the subjects of common suspicion."

In discussing section 61, as amended, the following statement of the Governor is appropriate: " The first of these bills (§ 61, as amd.) provides that a stockholder's suit may be brought only if the stockholder is an owner of stock at the time of the transaction concerning which he complains. This incorporates into the state law the rule that has long obtained in the federal Courts."

It is thus seen that the Legislature was seeking to eradicate an evil then current with respect to that particular type of litigation and that it sought to remedy that condition by curtailing and limiting the legal capacity to sue to one who was a stockholder at the time of the transaction of which he complained. This imposition thus curbed in large measure a fruitful source of unwarranted and unscrupulously conceived litigation, but while it did so it did not abolish the shareholder's theretofore existing right of action nor did it destroy the remedy for its enforcement; such right and remedy still remain and may be as fully and effectively invoked and enforced, as heretofore, by those qualified to meet the new standard as now set by section 61, as amended. No vested or substantive right has been taken away or destroyed; the qualified stockholder is free to proceed as before and may intervene in and continue any pending action (Federal Rules of Civil Procedure, rule 24; *Malcolm* v. *Cities Service Co.,* 2 F. R. D. 405; Civ. Prac. Act,

§ 195, subd. 3; *Maas* v. *Sullivan,* 124 Misc. 295, affd. 213 App. Div. 820); only the litigious corporate carrion are hampered and have been isolated.

It is an accepted canon of statutory construction, that as statutes general in terms and affecting matters of procedure, to have intended that they should not apply to pending actions unless the contrary clearly appears; and conversely, as regards statutes general in terms and affecting matters of procedure, the presumption is that they are intended to apply in all actions, whether pending or not. The evil which the Legislature sought to correct by the amendment to section 61 existed in those cases which were pending when it was passed, as much as it would in subsequent ones. Why then should not the law be made applicable to pending actions? (59 C. J., Statutes, § 657.)

Retroactive legislation is not, per se, unlawful, nor condemned as being at all events in contravention of constitutional restraint; it is a matter of degree; legislative acts which are remedial in their nature may validly operate retrospectively; a retrospective law may be just and reasonable, is often beneficial and sometimes necessary; considerations of public good and public justice have been treated and held as adequate reasons for upholding retroactive legislation. (*Hayman* v. *Morris,* 37 N. Y. S. 2d 884, 893, and cases there cited.) Remedial statutes, although retrospective, are not only constitutional but, when promotive of justice, are treated with favor.

As hitherto stated, the Federal courts have for more than sixty-two years considered, regarded, accepted and applied the mentioned Federal rule as matter of procedure and not as one of substantive right. The highest court of the land so regarded it when promulgating the requirement and designating it as a rule of procedure, and it is fair to assume that if that tribunal had deemed it to be a matter of substantive right it would not have promulgated it as a rule of procedure and have treated it as such.

It is therefore the opinion of this court that the amendment to section 61 must be so viewed and that the Federal cases are hence to be relied on as the proper guide in the construction and interpretation of this statute.

The general rule is that when a statute contains language which has previously been construed by the courts, it will be presumed that the Legislature intended that its meaning should be the same as that given to it by the courts (*Sulkowski* v. *Szewczyk,* 255 App. Div. 103, 104); and where it appears that a State statute is an apparent verbatim copy of a Federal one,

the Federal constructions placed thereon will be given recognition (*People ex rel. Mosbacher* v. *Graves*, 254 App. Div. 438, affd. 279 N. Y. 793); " State legislation which is modeled after a Federal statute will be construed in accordance with Federal decisions " (*Bicknell* v. *Hood*, 168 Misc. 727). In *Lipstein* v. *Provident Loan Society* (154 App. Div. 732, 734) the court said that when the Legislature of this State enacts a statute which is a transcript of the statute of another sovereignty that has received a known and settled construction by the courts thereof, such construction may be fairly deemed to be within the mind and intent of the Legislature. Speaking of this feature, the court, in *People ex rel. Mosbacher* v. *Graves* (*supra*), said (p. 439): " It is apparent that this State statute was copied verbatim from the Federal, thus indicating a strong legislative intent for uniformity in interpretation."

Considering the purpose of section 61, as amended, and the evil sought to be cured thereby, no injustice is perceived in applying to a pending case a change in the law such as that made by the statute now in question, and hence the contention that the Legislature did not intend it to apply to pending cases is without basis. It is to be noted that the act reads " In any action *brought* " (italics supplied) and such language does not conclusively evince, as plaintiffs claim, a legislative intent that it shall operate only *in futuro*, that is to say, that it shall affect only any action brought after its passage; it has been held that the use of the word " brought ", in a statute providing for the bringing of legal proceedings, includes causes pending when the statute was enacted as well as those thereafter to be brought. (*Hine* v. *Belden*, 27 Conn. 384, 391.)

The purpose and object of the Federal rule and of the legislation under consideration are the same, and in keeping with the Federal rulings on the subject the following conclusions are reached: A (1) that section 61 of the General Corporation Law, as amended, is procedural and retroactive and applies to pending actions; (2) that the absence of an affirmative allegation that plaintiff was a stockholder at the time of the transaction complained of, or that his stock thereafter devolved upon him by operation of law, is a fatal defect; (3) that, in the case at bar, leave to serve a third amended complaint as to the third and fifth causes of action should be granted to plaintiffs who may be able to remedy the defect; (4) that as to plaintiff Coane the transactions complained of must not antedate December 24, 1936, it being shown that that is the earliest date when he could have become a stockholder of American Distilling Com-

pany, and as to plaintiff Koster the transactions complained of must not antedate June, 1942, it being shown that that is the date when said plaintiff became a stockholder of the said corporation. (*Winkelman* v. *General Motors Corporation*, 44 F. Supp. 960.)

No other questions than those here discussed are passed upon. The motion is disposed of as indicated. Settle order.