JOHN T. LOEW, on Behalf of Himself and All Other Stockholders of INTERLAKE IRON CORPORATION and of PERRY FURNACE COMPANY, Its Subsidiary, Plaintiff, *v.* INTERLAKE IRON CORPORATION et al., Defendants.

Supreme Court, Special Term, Kings County, October 17, 1944.

*Ralph M. Carson* for Interlake Iron Corporation and others, defendants.

*Zenaida Drabkin* for plaintiff.

DALY, J. In a stockholder's derivative action, the defendants Interlake Iron Corporation and Harry A. Arthur and Leigh Willard have moved to dismiss the amended complaint, pursuant to subdivision 5 of rule 106 of the Rules of Civil Practice on the ground that it does not state facts sufficient to constitute a cause of action, and pursuant to subdivision 3 of rule 107 of the Rules of Civil Practice on the ground that the plaintiff has no legal capacity to sue.

The last branch of the motion is predicated upon section 61 of the General Corporation Law, as amended by chapter 667 of the Laws of 1944, effective April 9, 1944. Said amendment re-enacted the existing two paragraphs of section 61 and added a third paragraph as follows: " In any action brought by a shareholder in the right of a foreign or domestic corporation it must be made to appear that the plaintiff was a stockholder at the time of the transaction of which he complains or that his stock thereafter devolved upon him by operation of law." This amendment has been construed to be procedural in nature and intended by the Legislature to apply to pending actions. (*Klum* v. *Clinton Trust Co.*, 183 Misc. 340; *Coane* v. *American Distilling Co.*, 182 Misc. 926.)

This court agrees with the views expressed in the learned and comprehensive opinions written by the justices who decided the foregoing cases.

The plaintiff argues, however, that on April 10, 1944, the day after the effective date of chapter 667, chapter 727 of the Laws

of 1944 became effective; that this chapter amended section 61 of the General Corporation Law as it was amended by chapter 667, but omitted therefrom the third and new paragraph which has been quoted above; and that consequently section 61 of the General Corporation Law now in force is no different than it was before both of the 1944 amendments and, therefore, the plaintiff has the right to sue not only for alleged misconduct which occurred after he became a stockholder, but also for that which occurred at any time prior thereto. As for decided cases, the plaintiff urges that the question of the effect of the April 10, 1944, amendment was not presented to nor considered by the courts.

This court is of the opinion that chapter 727 of the Laws of 1944 did not amend section 61 of the General Corporation Law so as to eliminate therefrom the addition of the third paragraph above quoted, which was added by chapter 667 of the Laws of 1944. One statute is not generally deemed to repeal another without express words of repeal, unless the two are so repugnant to one another that both cannot be given effect. (*People v. Dwyer*, 215 N. Y. 46, 51.) Nowhere in chapter 727 of the Laws of 1944 is there any language, express or implied, which would indicate the legislative intent to repeal the provision. Had the Legislature intended to repeal the new provision, it is reasonable to suppose that it would have used plain language to that effect, particularly where, as here, both enactments were made at the same session and only a short interval apart.

As was stated in *Board of Education* v. *Rogers* (278 N. Y. 66, 71): "The general rule, that repeal by implication is not favored, applies with peculiar force to statutes enacted at the same session of the Legislature."

There is nothing repugnant between both amendments so as to effectuate a repeal by implication. The requirement embodied in the added provision of section 61 of the General Corporation Law was, as stated in the Governor's memorandum, the incorporation into State law of "the rule that has long obtained in the federal courts." (McKinney's General Corporation Law [1944 Cumulative Supp.], Note, p. 29.) The fact that the last amendment did not include the additional paragraph is of no consequence notwithstanding the inclusion of the first two paragraphs. It should be noted that section 61 of the General Corporation Law as it existed prior to either amendment provided: "An action may be brought for the relief prescribed in the last section * * *" (referring to section 60). In chapter 667 of the Laws of 1944, the language was the same and again

the reference was to section 60, which was the last section preceding section 61. Chapter 727 of the Laws of 1944, however, added a *new* section, to wit: section 60-a. No longer was section 60 the last section so far as section 61 was concerned. Hence, the Legislature deemed it necessary to re-enact section 61 of the General Corporation Law so as to specifically refer to section 60. It was not its intention thereby to repeal a provision which it had added to the statute books during the same session.

In light of the foregoing views, it is unnecessary to pass upon any other question. The amended complaint does not contain any affirmative allegations that the plaintiff was a stockholder at the time of any of the transactions complained of or that his stock thereafter devolved upon him by operation of law. Accordingly, the amended complaint is fatally defective and must be dismissed, with leave to plead over. (*Coane* v. *American Distilling Co.*, 182 Misc. 926, *supra*.)