Morris Eder, J.
Motion to dismiss complaint upon the ground that it fails to state facts sufficient to constitute a cause of action and that plaintiff is without legal capacity to sue.
The plaintiff brought this action against the individual defendants, officers and directors of defendant Telicon Corporation charging them with misconduct and to compel them to account and for other appropriate relief (General Corporation Law, § 60); he brings the action “ as an officer and director of Telicon, and the plaintiff is also suing herein individually as a stockholder on behalf of himself and all other stockholders similarly situated ’ \
Paragraph 7 of the complaint alleges that plaintiff is the owner-and holder of 294 shares of the common stock of Telicon; paragraph 9 alleges that defendant Sagall is president, plaintiff is vice-president and secretary, and defendant Barish is treasurer of Telicon; paragraph 10 alleges that each of said persons is a director of said corporation.
There are allegations to the effect that defendant Sagall notified plaintiff that he, Sagall, had discharged the plaintiff as vice-president and secretary of Telicon, by a letter dated *631 April 18,1945, such discharge being effective immediately; that no directors ’ meeting was ever called for that purpose.
Allegations sufficient to constitute a cause of action are set forth if the plaintiff has a standing to maintain this action. In moving to dismiss the complaint, the defendants present two contentions, viz.: (1) that the complaint is fatally defective in that there is no allegation in the complaint, as required by section 61 of the General Corporation Law, to the effect that plaintiff was a stockholder of the Telicon Corporation at the time of the transaction of which he complains, since he sues individually, as a stockholder, bringing a derivative action; (2) plaintiff cannot rely on his allegation that he is a director and officer of the said corporation because he refutes this allegation by paragraphs 70 and 71 of the complaint wherein it is alleged that he was discharged as such officer and director by defendant Sagall. It is thus contended that plaintiff therefore cannot assert any right to commence this action in such capacity as director and officer, and ‘' that if the plaintiff has any right to commence this action he must base it on his right as a stockholder ’ In this situation the law specifically directs that the plaintiff must make it appear that he was such a stockholder at the time of the occurrence of which he complains ‘ and this the plaintiff has failed to do.”
Insofar as plaintiff alleges that he is suing herein individually as a stockholder on behalf of himself and other stockholders similarly situated, the absence of an affirmative allegation that plaintiff was a stockholder at the time of the transaction complained of, is a fatal defect (Coane v. American Distilling Co., 182 Misc. 926); as to this branch of the motion it is granted, with leave to plaintiff to serve an amended complaint within 20 days after service of a copy of the order to be entered hereon.
However, the plaintiff has the right to bring this action regardless of his suing as a stockholder, for the complaint alleges he also sues as an officer and director of the Telicon Corporation. Section 61 expressly authorizes an action by a director of a corporation against its officers for an accounting and the action is properly brought by him in that capacity. (Higgins v. Applebaum, 183 App. Div. 527.) The attempted removal of the plaintiff had no effect, if a nullity (Wangrow v. Wangrow, 211 App, Div. 552), and would not prevent the maintenance of this action by him as such officer and director (Wangrow v. Wangrow, supra) and the motion to dismiss on that ground is denied.
Settle order.