**BANKERS NAT. CORPORATION v. BARR et al.**

District Court, S. D. New York.
Dec. 8, 1945.

**306**

I. Gainsburg, of New York City (Samuel Gottlieb, of New York City, of counsel), for plaintiff.

Gerald J. Dean, of New York City, for Northeastern Water Co.

Medina & Sherpick, of New York City (Eugene A. Sherpick, of New York City,

of counsel), for defendant Boyd A. Bennett.

CONGER, District Judge.

These are motions by two defendants to dismiss the complaint for failure to state a claim upon which relief can be granted.

This is a derivative stockholder's action brought by the Bankers National Corporation, a stockholder suing on behalf of all stockholders of Northeastern Water Company similarly situated, in their right and on behalf of said company and for its benefit.

The complaint charges improper disposition and waste of corporate assets of Northeastern by the defendants.

The defendants object to the complaint on the ground that it does not comply with Rule 23(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which requires, among other things, that a plaintiff in an action of this type allege that he was a shareholder at the time of the transaction of which he complains.

In its complaint plaintiff attempts to bring itself within the provision of Rule 23 (b) by the following allegation:

"Eighteenth: Plaintiff at the time of the transactions heretofore alleged was, continued to be and still is the equitable owner of stock of said Northeastern purchased by it and held through a nominee, and is now also a stockholder of record therein."

The moving papers show, and it is not denied by plaintiff, that at the time of the acts complained of it was not a stockholder of record of Northeastern and did not become a stockholder of record until January 8, 1945 when 26 shares of the common stock of Northeastern were transferred to it by one Dorothy Hennesey.

It appears that Dorothy Hennesey was the registered owner of 550 shares of said stock at the time the actions complained of were alleged to have been committed. Plaintiff, however, states that Dorothy Hennesey was not the real owner of the stock but held it for plaintiff, and merely as plaintiff's nominee. It does appear, however, that prior to the present suit, Dorothy Hennesey commenced a similar suit against

these same defendants. Her complaint contained the same general allegations and asked for the same general relief and stated that she was a stockholder of record of Northeastern.

Her suit was not prosecuted because it became apparent that this court is without jurisdiction for lack of diversity; this has been conceded by her, and an order dismissing the action has been signed.

In an affidavit filed by her in opposition to these motions she states that the stock so held by her was actually owned by the plaintiff and purchased with its funds. It is not necessary to go into the facts in any great detail. There is no dispute of fact which in any way will affect the issue.

The real issue is whether the complaint is bad or not because of a failure to aver that the plaintiff was a shareholder at the time of the transactions of which it complains.

Admittedly, there is no such allegation in the complaint; but plaintiff argues that the averment that it was the "equitable owner" of stock of the defendant corporation at the time of the transactions is sufficient compliance with the rule. Defendants dispute this, contending that "shareholders" in Rule 23(b) means shareholders of record, the legal owners of the shares.

Rule 23(b) has been interpreted as a rule of procedure to be followed without recourse to state law. Piccard v. Sperry Corp., D.C., 36 F.Supp. 1006, affirmed, 2 Cir., 120 F.2d 328.

I wrote the opinion in the Piccard case, supra. The Circuit Court affirmed without opinion. I have read over the record in the Circuit Court and I find that the point here at issue was strongly pressed in the briefs before that court.

■ I still am of the opinion that Rule 23(b), in so far as it prescribes that the plaintiff must be a shareholder at the time of the transaction of which he complains, presents a rule of procedure and must be applied by this court. The question here, however, it would seem, goes beyond a mere matter of procedure.

In Gallup v. Caldwell, 3 Cir., 120 F.2d 90, where this very issue was decided, the court held that the question of just who is a "shareholder" for the purpose of suit is one of substantive law. It was there stated, 3 Cir., 120 F.2d at page 93:

"The question is not merely a procedural one, such as whether an action may be maintained by the real party in interest who is not the owner of a legal title (Goodrich, Conflict of Laws, 2d Ed. 1938, 191), but the substantive one whether one who is not a shareholder of record may assert shareholder's rights either on behalf of or against the corporation."

■ That holding fits the instant situation and I follow it.

This view then poses the additional problem of which state law to apply, New York or Delaware.

■■ Section 61 of the New York General Corporation Law, McK. Consol.Laws, c. 23, is an adoption of Rule 23(b), and it has many times been construed as procedural, Coane v. American Distilling Co., 182 Misc. 926, 49 N.Y.S.2d 838; Loew v. Interlake Iron Corp., 183 Misc. 303, 51 N.Y.S.2d 779; Klum v. Clinton Trust Co., 183 Misc. 340, 48 N.Y.S.2d 267; and there is some authority for the point that New York permits suits by an equitable shareholder. See Baum v. Sporborg, 146 App. Div. 537, 131 N.Y.S. 267; Braman v. Westaway, Sup., 60 N.Y.S.2d 190. It seems unlikely, however, that a New York court would apply its own procedural statute in view of the settled rule that problems in connection with the status of shareholders and other related questions are to be determined by the law of the state of incorporation. See Restatement of Conflicts, § 182, and the New York Annotations; also Molson's Bank v. Boardman, 47 Hun. 135; Gallup v. Caldwell, supra. It would seemingly follow that the main issue here should be resolved in accordance with those general rules. I, therefore, hold that the law of Delaware is determinative.

There is no case in Delaware which has been brought to my attention or which I have found that deals squarely with the right of an equitable owner of stock to maintain a derivative suit. However, it appears that the attitude of the Delaware

courts is to construe "stockholder" as meaning "registered holder" whenever the point arises. For example, recently in Application of General Realty & Utilities Corp., Del.Ch., 42 A.2d 24, it was held that only a registered holder of stock is entitled to object to a proposed merger or to demand an appraisal and payment for his shares. Salt Dome Oil Co. v. Schenck, Del., 41 A. 2d 583, 158 A.L.R. 975, is to the same effect. True these cases were not derivative suits, but they at least suggest the view that the Delaware courts are inclined to regard the equitable holder sufficiently protected if the legal holder is capable and willing to pursue the proper remedies.

■ Furthermore, under Delaware law, stockholders' derivative suits are equitable (see Sohland v. Baker, 15 Del.Ch. 431, 141 A. 277, 58 A.L.R. 693) and the usual rules of equity that demand first be made on the trustee to sue, and demand refused, or reason shown why such demand would be useless, and that the trustee be made a party to the suit so as to avoid harassing the defendant would seem applicable. Vol. 4 Bogert on Trusts and Trustees, § 870, page 2533 et seq; Restatement of Trusts, § 282, and comments thereunder.

In the present suit no allegation of demand upon the legal holder and refusal on her part can be made, nor is she joined as a party to the suit, but, as indicated above, she has herself brought a separate suit on the same cause of action.

■■ From these general principles, I am pursuaded that an equitable shareholder may not maintain a suit such as this in Delaware especially where there is no showing of complicity between the legal owner and the directors of the corporation or no other circumstances tending to bar the equitable holder from all relief if permission to sue is not granted. The cases cited by plaintiff's counsel all involve situations of this kind. The fact that the legal holder, Dorothy Hennesey, cannot continue her suit in this court is not sufficient reason for granting to the present plaintiff the privilege, for it will not be presumed that there is no jurisdiction in which her action is maintainable.

Motions granted.

Submit order.