JEROME MYER et al., as Trustees for JULIUS MYER, under a Trust Indenture Dated April 21, 1942, Plaintiffs, *v.* ABRAHAM MYER et al., Defendants.

Supreme Court, Special Term, New York County, July 3, 1946.

*Jay Leo Rothschild* for defendants.

*Abraham J. Halprin* for plaintiffs.

EDER, J. This motion, comprising three subdivisions, is disposed of as follows: As to the branch of the motion designated "(1)", for judgment dismissing those claims and transactions accruing prior to April 18, 1943, upon the ground that the said claims and transactions did not accrue within the time limited by law for the commencement of an action thereon, to wit, three years, reliance is based on subdivision 8 of section 48 and subdivision 7 of section 49 of the Civil Practice Act.

The motion is denied. The complaint seeks an accounting, but it also charges not merely injury to property and waste, but a *diversion* of the assets of the corporation to the defendants themselves; hence, subdivision 8 of section 48 is applicable as to defendants Abraham Myer and Israel Myer, who are both stockholders and officers; in such case the Statute of Limitations is, as to them, not three, but six years (*Gottfried* v. *Gottfried*, 269 App. Div. 413). As to the corporate defendants the action is as to them in the nature of a *constructive fraud* and the Statute of Limitations is ten years (Civ. Prac. Act, § 53).

The complaint, in addition, charges *actual fraud*, and subdivision 5 of section 48 is applicable in that regard, viz., six years from the discovery of the fraud which, it is alleged in paragraph "25" of the complaint, did not occur until June 25, 1945. The position of the defendants on this branch of the motion is, therefore, without force.

As to designation "(2)" of the notice of motion, for judgment dismissing those claims and transactions accruing prior to April 21, 1942, upon the ground that plaintiffs have not legal capacity to sue and/or that the complaint does not state facts sufficient to constitute valid claims with respect to said transactions since they occurred prior to the time plaintiffs, as trustees, were stockholders of Myer 1890 Bottling Co., Inc., I am of opinion that movants' view of section 61 of the General Corporation Law cannot be sustained.

Section 61, so far as here material, declares that in any action brought by a shareholder in the right of a foreign or domestic corporation it must be made to appear that the plaintiff was a stockholder at the time of the transaction of which he complains or that his stock thereafter devolved upon him by operation of law.

Under the trust indenture of April 21, 1942, between Julius Myer, as settlor, and the plaintiffs, as trustees, Myer's fifty shares of stock, which he owned since 1933, thereafter devolved upon the plaintiffs, as such trustees, by operation of law. It would seem, therefore, that, ordinarily, plaintiffs, who thereby acquired the legal title to the shares on October 21, 1942, could only complain of transactions accruing after that date and not prior thereto. But from the facts appearing in the complaint, and by virtue of the provisions of the trust indenture, it appears that this was not a transfer within the meaning of section 61, because Myer continues to remain the equitable owner of the shares even after the execution of the trust.

As such equitable owner he could, himself, have brought this action, and, in such event, he could, undoubtedly, have complained of transactions occurring anterior to April 21, 1942. Plaintiffs, in suing as trustees, and upon the particular facts of this case, are merely presenting on his behalf, as representatives of the beneficial owner, the right which he possesses, and it seems to me that upon principle the ownership of a trustee must be considered as an extension of the ownership of the settlor of the trust which created his office and hence, for the purpose of measuring the substantive rights involved, the beneficiary of the trust and not the trustee must be regarded as the real party in interest, and that, therefore, the plaintiffs, as trustees, may complain of and inquire into transactions which occurred during the ownership of the stock by the beneficiary as fully as if he himself were the plaintiff.

Considering the history of section 61 and the conditions which led to its enactment and the abuses sought to be curbed (*Coane* v. *American Distilling Co.,* 182 Misc. 926), it is my opinion that the requirement contained in section 61, that plaintiff must show he was a stockholder at the time of the transaction of which he complains, was not intended to apply to such a situation as in the case at bar, which is, in reality and effect, the settlor and beneficiary of the trust complaining of transactions at a time when he was a stockholder; the requirement was intended to throttle those litigious individuals who purchased stock solely for the purpose of creating a lawsuit based upon transactions at a time when they then had no concern and were not stockholders. It was not intended to apply to or affect successors in interest by operation of law, as hereinabove discussed.

I think a different situation would be present and that movants' contention would carry conviction as to its tenability were the case one where the trustee acquired the stock otherwise than by operation of law, as illustrated in *McQuillen* v. *National Cash Register Co.* (27 F. Supp. 639, affd. 112 F. 2d 877) and *Mullins* v. *De Soto Securities Co.* (45 F. Supp. 871, mod. 136 F. 2d 55) where the stock was acquired by the trustee, by purchase. In such a situation I should be disposed to hold that the trustee then stands in the same position as any individual purchaser and thus may not go back of the date when he became a stockholder. However, such is not the factual situation at bar. For the afore-mentioned reasons this branch of the motion is denied.

As to the designation "(3)" of the notice of motion, which seeks an order striking from the complaint certain paragraphs

therein enumerated, and, also, portions thereof, as irrelevant, etc., under rule 103 of the Rules Civil Practice, the following decision is made: Granted as to paragraphs 21 to 24, inclusive; denied as to 28; granted as to 29, 31 and 55; denied as to 32 and 54.

Settle order.