■ BRUCE BERNHARD, Appellant, v UBAF ARAB AMERICAN BANK et al., Respondents.—Judgment, Supreme Court, New York County (David Saxe, J.), entered May 9, 1989, summarily dismissing the complaint, unanimously affirmed, without costs. Appeal from order of said court entered May 3, 1989 dismissed as subsumed in the appeal from the subsequent judgment, without costs.

In this libel action, defendants circulated to corresponding banks an electronic message, known as a "SWIFT", announcing that effective immediately plaintiff, the bank's senior vice-president and treasurer, could no longer act on behalf of the bank. This followed on the heels of an earlier "SWIFT" announcing termination of the employment of the bank's chief foreign exchange trader, who was plaintiff's subordinate. Plaintiff alleges that the circumstances surrounding the chief trader's termination, involving overextension of the bank's foreign currency exchange position and resulting in a multi-million-dollar loss, were already well known throughout the industry.

The complaint alleges that the otherwise innocuous notice of plaintiff being relieved of authority, viewed in the context of distribution to a specialized audience, created at least triable issues of fact with regard to the effect of such alleged libel on his future in the banking industry. However, the authorities cited do not support the proposition that reading this message "in context" will add any defamatory meaning to what was merely a statement of fact. Moreover, defendants had reason to suspect plaintiff either of wrongdoing or of gross negligence, and thus were privileged in alerting corresponding banks that plaintiff was no longer authorized to act on the

bank's behalf, as a justifiable precaution against further possible damage. The specialized audience was entirely appropriate to the message being conveyed *(see, Ratzel v New York News Publ. Co.,* 67 App Div 598 [1902]). Concur—Sullivan, J. P., Carro, Milonas, Rosenberger and Ellerin, JJ.