■ RUBY CHANG, Individually and as Trustee of GRACE GRATITUDE BUDDHIST TEMPLE, INC., Respondent, v FA-YUN, Appellant. [697 NYS2d 31] —Order, Supreme Court, New York County (Barbara Kapnick, J.), entered April 28, 1999, which, in an action for a declaration that plaintiff is an officer and director of the subject not-for-profit corporation, defamation and breach of fiduciary duty, insofar as appealed from, denied defendant's motion to dismiss the complaint for failure to state a cause of action, unanimously modified, on the law, to dismiss the cause of action for defamation, and otherwise affirmed, without costs.

The cause of action for defamation, based on a community newspaper advertisement announcing plaintiff's termination as an officer and director of the not-for-profit corporation on whose behalf plaintiff also sues derivatively, should have been dismissed since the advertisement did not mention or imply any wrongdoing or incompetency on plaintiff's part (*see, Streips v LTV Corp.*, 216 AD2d 923). "The mere statement of discharge or termination from employment, even if untrue, does not constitute libel." (*Lian v Sedgwick James of N. Y.*, 992 F Supp 644, 649, citing *Nichols v Item Publs.*, 309 NY 596, 601; *Davis v Ross*, 754 F2d 80, 84.) The order should be affirmed in all other respects. If, as defendant argues, plaintiff was never formally appointed as a trustee or officer of the corporation, a formal vote of the trustees was not needed to remove her from those positions, despite what was stated in the newspaper advertisement. Of course, assuming plaintiff is a trustee or officer of the corporation, her removal without a validly called meeting was a nullity, and her right of action against other officers and directors of the corporation could not then be challenged for lack of standing (Not-For-Profit Corporation Law § 720; *see, Wyckoff v Sagall*, 16 Misc 2d 630). Concerning defendant's request that this Court search the record and, *sua sponte*, grant summary judgment in favor of the corporation on its cause of action for a money judgment against plaintiff, we note the existence of numerous issues of credibility. We have considered defendant's other arguments and find them unpersuasive. Concur—Ellerin, P. J., Nardelli, Lerner, Andrias and Friedman, JJ.