■ Leonard L. Serratore, Appellant, v American Port Services, Inc., et al., Respondents. [739 NYS2d 452] —In an action to recover damages for defamation, the plaintiff appeals from an order of the Supreme Court, Westchester County (Nastasi, J.), dated May 14, 2001, which granted the defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint.

Ordered that the order is affirmed, with costs.

The complaint asserts causes of action to recover damages for defamation based upon written and oral statements made by the plaintiff's former employer. One of the written statements at issue was included in a posting which informed employees of the plaintiff's discharge and stated that he was not permitted on company property, allegedly including areas

where the general public was permitted. Another written statement was included in an order for additional security at the employer's premises for the five days following the plaintiff's termination. The plaintiff contends that these writings are libelous per se because they give the false impression that the plaintiff was fired for cause and posed a security threat.

"Whether the contested statements are reasonably susceptible of a defamatory connotation is in the first instance a legal determination for the court. In analyzing the words in order to make that threshold decision, the court must not isolate them, but consider them in context, and give language a natural reading rather than strain to read it as mildly as possible at one extreme, or to find defamatory innuendo in the other" (*Weiner v Doubleday & Co.,* 74 NY2d 586, 593). The true statement in the posting that the plaintiff had been discharged is not libelous (*see Kraus v Brandstetter,* 167 AD2d 445; *see also Chang v Fa-Yun,* 265 AD2d 265), and the second sentence in the posting that the plaintiff was no longer permitted on company property is not libelous per se (*see Streips v LTV Corp.,* 216 AD2d 923; *Bernhard v UBAF Arab Am. Bank,* 159 AD2d 232). Moreover, the order for additional security at the employer's place of business is not libelous since it does not even refer to the plaintiff (*see Allen v Gordon,* 56 NY2d 780, *affg* 86 AD2d 514).

We need not consider whether the statement in the posting that the plaintiff was not permitted on company property, and the order for additional security, could be considered libelous in light of extrinsic facts, since the plaintiff failed to allege that he suffered any special damages as a direct result of either the posting or the order for additional security (*see Aronson v Wiersma,* 65 NY2d 592; *Matherson v Marchello,* 100 AD2d 233).

The plaintiff has no cause of action to recover damages for defamation based upon the alleged oral statements to other employees of the company and to police officers to the effect that the plaintiff's discharge was the reason for requesting additional security and that the plaintiff could pose a security threat, since such statements are protected by a qualified privilege (*see Jung Hee Lee Han v State of New York,* 186 AD2d 536). While that privilege can be defeated by a showing of actual malice, the plaintiff's mere conclusory assertions of such malice do not suffice (*see Hollander v Cayton,* 145 AD2d 605).

The responses of the plaintiff's former employer to a questionnaire from the plaintiff's prospective employer cannot support a cause of action to recover damages for defamation. Furthermore, "[a] qualified privilege exists for the purpose of

permitting a prior employer to give a prospective employer honest information as to the character of a former employee even though such information may prove ultimately to be inaccurate" (*De Sapio v Kohlmeyer,* 52 AD2d 780, 781). Feuerstein, J.P., O'Brien, Luciano and Townes, JJ., concur.