16-3181
Sandia v. Wal-Mart Stores, East LP

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of October, two thousand seventeen.**

PRESENT:
   Guido Calabresi,
   Rosemary S. Pooler,[1]
     *Circuit Judges.*

_____

Ruben Sandia,

    *Plaintiff-Appellant*,

   v.              16-3181

Wal-Mart Stores, East LP,

    *Defendant-Appellee*.

_____

FOR PLAINTIFF-APPELLANT:    Ruben Sandia, pro se, Schenectady, NY.

---

[1] Judge Newman, a member of the original panel, subsequently recused himself. Therefore, this case is decided by the two remaining members of the panel pursuant to Internal Operating Procedure E(b) of the Rules of the United States Court of Appeals for the Second Circuit.

1

FOR DEFENDANT-APPELLEE:                    Joseph J. Ortego, Nixon Peabody LLP (Juan Luis Garcia-Paz, *on the brief*), Jericho, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Sharpe, *J.*; Baxter, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Ruben Sandia, proceeding pro se, appeals from the district court's grant of summary judgment in favor of Wal-Mart, his former employer, on his claims of racial and national origin discrimination, retaliation, and a hostile work environment in violation of Title VII of the Civil Rights Act of 1964. Sandia also challenges the denial of his motion for leave to file a second amended complaint. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo a district court's grant of summary judgment, with the view that summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Sousa v. Marquez*, 702 F.3d 124, 127 (2d Cir. 2012) (citing Fed.R.Civ.P. 56(a)) (internal quotation marks omitted). We review a district court's denial of leave to amend for abuse of discretion. *Holmes v. Grubman*, 568 F.3d 329, 334 (2d Cir. 2009).

Upon review, we conclude that the district court properly granted summary judgment on Sandia's discrimination, retaliation, and hostile work environment claims. We affirm for substantially the reasons stated by the district court in its thorough August 18, 2016 decision.

Sandia has failed to provide evidence in support of the various elements of his claims, and his general reliance on conclusory allegations and speculation is insufficient to overcome summary judgment. *Jeffreys v. City of New York*, 426 F.3d 549, 554 (2d Cir. 2005).

The denial of leave to amend the complaint to add claims of defamation and intentional infliction of emotional distress was not an abuse of discretion because the proposed amendments would have been futile. *Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011). To support a claim of defamation under New York law, a plaintiff must allege "that the defendant published to a third party a defamatory statement of fact that was false, was made with the applicable level of fault, and either was defamatory per se or caused the plaintiff special harm, so long as the statement was not protected by privilege." *Chandok v. Klessig*, 632 F.3d 803, 814 (2d Cir. 2011). Here, Sandia's speculation that Wal-Mart may have spoken to Sandia's prospective employer fails to plausibly allege that Wal-Mart made a false statement, unprotected by the qualified privilege generally afforded to communications between a plaintiff's former and prospective employers. *See Boyd v. Nationwide Mutual Insurance Co.*, 208 F.3d 406, 409-10 (2d Cir. 2000); *Serratore v. American Port Services, Inc.*, 739 N.Y.S.2d 452 (2d Dep't 2002). Moreover, Sandia failed to state a plausible intentional infliction of emotional distress claim because he failed to allege conduct so "outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency to be regarded as atrocious, and utterly intolerable in a civilized society." *Stuoto v. Fleishman*, 164 F.3d 820, 827 (2d Cir. 1999); *see also Howell v. N.Y. Post Company, Inc.*, 81 N.Y.2d 115, 122 (Ct. App. 1993).

3

We have considered Sandia's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk