Ross v State Univ. of N.Y. (2018 NY Slip Op 08165)





Ross v State Univ. of N.Y.


2018 NY Slip Op 08165


Decided on November 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2016-07245

[*1]David W. Ross, appellant, 
v
State University of New York, et al., respondents. (Claim No. 127223)


David W. Ross, New York, NY, appellant pro se.
Barbara D. Underwood, Attorney General, New York, NY (Steven C. Wu and David Lawrence III of counsel), for respondents.



DECISION & ORDER
In a claim, inter alia, to recover damages for defamation, the claimant appeals from an order of the Court of Claims (Alan C. Marin, J.), dated May 10, 2016. The order denied the claimant's motion pursuant to Court of Claims Act § 10(6) for leave to file a late claim, and granted the defendants' cross motion to dismiss the claim.
ORDERED that the order is affirmed, with costs.
The claimant, a physician at SUNY Downstate Medical Center, appeals from an order which denied his motion for leave to file a late claim against the State of New York, alleging, inter alia, defamation, intentional infliction of emotional distress, negligent infliction of emotional distress, tortious interference with business relations, and conspiracy. The order also granted the defendants' cross motion to dismiss the claim. We affirm on the ground that the claim is not meritorious (see Court of Claims Act § 10[6]; Borawski v State of New York, 128 AD3d 628, 629).
The claim failed to set forth a potentially meritorious defamation cause of action, since the statements in the emails upon which the defamation allegations are based—stating that the claimant was not allowed to supervise residents—were nonactionable directives, were true when made, and were not reasonably susceptible to a defamatory connotation (see Wilcox v Newark Val. Cent. School Dist., 74 AD3d 1558, 1561; Serratore v American Port Servs., 293 AD2d 464, 465; Chang v Fa-Yun, 265 AD2d 265; Kraus v Brandstetter, 167 AD2d 445, 447).
Moreover, "public policy prohibits claims against the State for intentional infliction of emotional distress" (Sawitsky v State of New York, 146 AD3d 914, 915; see Peterec v State of New York, 124 AD3d 858, 859). Further, the claim did not set forth a potentially meritorious cause of action to recover damages for negligent infliction of emotional distress since the alleged conduct at issue cannot be said to have unreasonably endangered the claimant's physical safety or caused him to fear for his safety, even if it was distressing to him (see Passucci v Home Depot, Inc., 67 AD3d 1470, 1471; Ben-Zvi v Kronish Lieb Weiner & Hellman, 278 AD2d 167).
The claim also did not set forth a viable cause of action to recover damages for [*2]tortious interference with business relations, as it alleged wrongful conduct directed at the claimant, and not toward a third party with whom he had or sought a business relationship (see Carvel Corp. v Noonan, 3 NY3d 182, 192).
Finally, since no valid underlying tort was alleged, there was no cause of action to recover damages for conspiracy (see Arvanitakis v Lester, 145 AD3d 650, 652).
Accordingly, we agree with the Court of Claims' determination denying the claimant's motion pursuant to Court of Claims Act § 10(6) for leave to file a late claim, and granting the defendants' cross motion to dismiss the claim.
DILLON, J.P., ROMAN, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court