OPINION OF THE COURT
Jones, J.
The publication by a physician to appropriate personnel in the Education Department of an allegedly defamatory letter concerning that physician’s former assistant is subject at least to a qualified privilege. The publication of a carbon copy of the letter to a fellow physician with whom the author had a previous and continuing relationship *519 giving rise to a common interest in the contents of the letter is likewise subject to a qualified privilege. Accordingly, an action in libel by the assistant does not lie against the physician-author based on either publication in the absence of proof of malice.
Defendant, a family practitioner, engaged plaintiff as a physician’s assistant on July 1,1978. While defendant was on vacation from his practice to recuperate from a debilitating disease, from August 1 to September 5, he arranged for Dr. Mark Chalom, a fellow family practitioner, to supervise plaintiff’s work. After defendant’s return from vacation, on September 9 plaintiff resigned from defendant’s employ. On September 20 plaintiff informed defendant that he was going to accept employment with Dr. Chalom, and on October 6 plaintiff and Dr. Chalom completed negotiations for the operation of a family practice clinic.
Meanwhile, in the third week of September defendant discovered that a large number of his patients’ confidential files were missing. During the course of plaintiff’s employment he had been allowed access to defendant’s patient files, and after his resignation had retained a key to one of defendant’s two offices. Investigation pointed to plaintiff as the person who had removed the files. When defendant sought to communicate with plaintiff the latter terminated a telephone call without uttering a word and otherwise took action which defendant believed was evasive.
Concluding that plaintiff possessed the missing files, on October 5, 1978 defendant addressed a letter to “Dr. William Sipple, Assistant Executive Secretary Physician’s Assistant Licensure Board”, at the address of the State Department of Education, registering a complaint against plaintiff.* The letter charged, inter alia, that plaintiff had “stolen a large number of confidential clinical records *520 without proper authorization”. Carbon copies of the letter were sent to Dr. Chalom and to the county Sheriff. The envelope addressed to the Sheriff was returned unopened, having been incorrectly addressed, and was never re-mailed. The present action for libel arises out of the publication of the letter to Dr. Sipple and the carbon copy to Dr. Chalom.
After conclusion of discovery proceedings, which included an examination of defendant before trial, defendant moved for summary judgment dismissing the complaint. Supreme Court denied the motion; the Appellate Division, with one Justice dissenting, affirmed but granted defendant permission to appeal to our court. We now reverse the order of the Appellate Division, grant defendant’s motion for summary judgment, and dismiss the action.
The dispatch of the letter to Dr. Sipple was subject at a minimum to a qualified privilege, as a communication addressed to an official body charged with responsibility for consideration and processing of complaints of professional misconduct on the part of physician’s assistants (Toker v Pollak, 44 NY2d 211; cf. Wiener v Weintraub, 22 NY2d 330). We cannot agree with the majority at the Appellate Division that such a privilege never arose or was lost because a carbon copy of the letter was sent to Dr. Chalom. The two publications were separate and discrete; that they were of identical content did not alter that fact. In any event, we conclude, again differing with the majority at the Appellate Division, that the publication of the carbon copy of the letter to Dr. Chalom was likewise subject to a qualified privilege.
Dr. Chalom had been associated with defendant in the latter’s family practice during the period defendant was on vacation. During that time he had supervised plaintiff as a physician’s assistant in defendant’s office. Additionally, after their joint association with defendant, to defendant’s knowledge, plaintiff was seeking employment with Dr. Chalom as a physician’s assistant in the latter’s practice. In these circumstances there was such a common interest shared by defendant and Dr. Chalom as to warrant the extension of a qualified privilege to communications from *521 defendant to Dr. Chalom relating to patient care and in particular to the handling of patient files maintained in the course of the practice of family medicine, notwithstanding that the communication here was unsolicited by Dr. Chalom (Restatement, Torts 2d, § 596, Comment d; Prosser, Torts [4th ed], § 115 [3], pp 789-791). The sending of a copy of defendant’s letter of October 5, 1978 was reasonably calculated to serve this interest.
It follows, therefore, with respect to both publications that no action for libel lies against defendant in the absence of proof of malice on his part. Our examination of the record supports the conclusion of the dissenter at the Appellate Division that there is, however, no tender of proof in admissible form in the record in this case sufficient on defendant’s motion for summary judgment to require a trial of that issue (cf. Shapiro v Health Ins. Plan of Greater N. Y., 7 NY2d 56).
Accordingly, the order of the Appellate Division should be reversed, with costs, defendant’s motion for summary judgment granted, and the action dismissed.
Chief Judge Cooke and Judges Jasen, Gabrielli, Wachtler, Fuchsberg and Meyer concur.
Order reversed, with costs, defendant’s motion for summary judgment granted and the action dismissed. Question certified answered in the affirmative.

 It does not appear that when this letter was sent there was a unit of the Education Department known as the “Physician’s Assistant Licensure Board”. It is unquestioned, however, that jurisdiction of registration and discipline of physician’s assistants was then vested in and exercised by the State Department of Education (Education Law, art 131-B). No contention is advanced before us that the letter addressed to Dr. Sipple was not intended for or not addressed to the regulatory body having oversight of the professional conduct of physician’s assistants.