■ MELVIN HOLLANDER, Appellant, v ALBERTO L. CAYTON, Respondent.—In an action to recover damages for defamation, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Dowd, J.), entered October 2, 1987, which, upon an order granting the defendant's motion to dismiss the complaint, dismissed the complaint. The plaintiff's notice of appeal from the order dated July 20, 1987, is deemed a premature notice of appeal from the judgment (CPLR 5520 [c]).

Ordered that the judgment is affirmed, with costs.

The plaintiff, a physician and chairman of the department of pediatrics at Brooklyn Hospital—Caledonian Hospital alleged that the defendant, who was the president of the profes-

sional staff of the hospital, had stated that the plaintiff was "immoral", "unethical" and had "mismanaged cases". The defendant allegedly made these remarks while presiding over regularly scheduled meetings of the hospital's professional staff and a meeting of the medical board.

Our review of the record reveals that the statements complained of constituted nonactionable opinion *(see, Gertz v Robert Welch, Inc.,* 418 US 323; *Steinhilber v Alphonse,* 68 NY2d 283; *Rinaldi v Holt, Rinehart & Winston,* 42 NY2d 369, *cert denied* 434 US 969). We find that the statements by the defendant were indefinite, ambiguous and incapable of being objectively characterized as true or false. Further, an examination of the full context of the communication as well as the setting in which these remarks were made supports the conclusion that these declarations were accepted by the audience as opinion rather than statements of fact.

Additionally, we note that the statements complained of were subject to a qualified privilege. A communication is qualifiedly privileged when it is fairly made by a person in the discharge of some public or private duty upon any subject matter in which that person has an interest, and where it is made to a person or persons with a corresponding interest or duty *(see, Buckley v Litman,* 57 NY2d 516; *Toker v Pollak,* 44 NY2d 211; *Shapiro v Health Ins. Plan,* 7 NY2d 56; *Murphy v Herfort,* 140 AD2d 415). In the instant case, the comments were made by the president of the medical staff at regularly scheduled meetings to fellow physicians and other members of the professional staff who shared a common interest in the quality of the care rendered by the hospital. To overcome a defense of qualified privilege the plaintiff must make an evidentiary showing that the statements were published with actual malice, which is defined as personal spite, ill will or culpable recklessness or negligence. The mere conclusory allegations by the plaintiff herein that the statements were maliciously motivated is insufficient to defeat the claim of qualified privilege *(see, Shapiro v Health Ins. Plan, supra,* at 64; *Friedman v Ergin,* 110 AD2d 620). Thompson, J. P., Rubin, Spatt and Balletta, JJ., concur.