■ JUNG HEE LEE HAN, Appellant, v STATE OF NEW YORK et al., Respondents. (Claim No. 74004.)—In a claim to recover damages for libel, the claimant appeals from a judgment of the Court of Claims (Weisberg, J.), entered May 23, 1990, which dismissed the claim.

Ordered that the judgment is affirmed, with costs.

The claimant was employed from September 1982 until May 1985 as a full-time staff psychiatrist at South Beach Psychiatric Center (hereinafter South Beach) on Staten Island, a State psychiatric facility operated by the New York State Office of Mental Health (hereinafter OMH). At the commencement of her employment, the claimant was provided with OMH's policy manual, which stated that prior approval must be obtained by any psychiatrist-employee who wished to engage in outside employment. The claimant signed a form at that time indicating that she had read the manual and understood the State's outside employment policies.

In February 1985 the claimant signed an updated form, indicating that she did not engage in any outside employment. In fact, her supervisors at South Beach discovered that the claimant was performing paid services as a consultant and a neurologist at two other institutions in the Staten Island area at the time. She sometimes even provided these services when she was supposed to be working at her full-time position, or participating in approved continuing medical education courses. On May 1, 1985, the claimant's immediate supervisor confronted her at work at one of the other institutions and threatened to suspend her for her actions. Rather than have her record tainted with a suspension, the claimant offered to resign and tendered her handwritten resignation, which was accepted that very day.

Several weeks later, the administrative head of her former unit at South Beach wrote a letter clarifying the circumstances of the claimant's resignation. The letter was distrib-

uted by intra-office mail to the entire psychiatric staff of South Beach, including those psychiatrists located at branch facilities. The claimant contends that the letter was defamatory. The court dismissed the claim, finding that the statements in the letter, although arguably defamatory, were substantially true and that they were further protected by a qualified privilege. We agree.

Truth is a complete defense to an action for libel, regardless of the harm done by the statements *(see, Bingham v Gaynor,* 203 NY 27; *De Gregorio v CBS, Inc.,* 123 Misc 2d 491). Provided that the defamatory material on which the action is based is substantially true, as is the case here, the claim to recover damages for libel must fail *(see, Rinaldi v Holt, Rinehart & Winston,* 42 NY2d 369, 383, *cert denied* 434 US 969).

With respect to the protection from defamation afforded to a communication by the qualified privilege, such a privilege is applicable where, as here, the person making the statements does so fairly in the discharge of a public or private duty in which the person has an interest, and where the statement is made to a person or persons with a corresponding interest or duty *(see, Buckley v Litman,* 57 NY2d 516, 518-519; *Toker v Pollak,* 44 NY2d 211, 219; *Shapiro v Health Ins. Plan,* 7 NY2d 56, 60-61; *Hollander v Cayton,* 145 AD2d 605, 606; *see also, Kasachkoff v City of New York,* 107 AD2d 130, 134, *affd* 68 NY2d 654 [employer-supervisor and employee-psychologist context, as in the present case]).

Moreover, not only do the statements at issue withstand the duty-interest analysis, but it is also clear that they were not motivated by actual malice, i.e., " ' "personal spite or ill will or culpable recklessness or negligence" ' " *(Shapiro v Health Ins. Plan, supra,* at 61; *see, Stillman v Ford,* 22 NY2d 48, 53; *Misek-Falkoff v Keller,* 153 AD2d 841, 842), thus satisfying the second requirement for the qualified privilege protection from defamation claims. In fact, the statements at issue were made for the proper purpose of clarification, in order to dispel rumors and to resolve morale problems resulting from the claimant's previously unexplained resignation. Bracken, J. P., Rosenblatt, Ritter and Pizzuto, JJ., concur.