■ SERGE J. DOS, Respondent-Appellant, v ST. JOHN'S EPISCOPAL HOSPITAL, SMITHTOWN, et al., Appellants-Respondents. [606 NYS2d 18] —In an action to recover damages, *inter alia,* for breach of an alleged employment contract, the defendants appeal from so much of an order of the Supreme Court, Nassau County (Robbins, J.), dated April 9, 1991, as denied their cross-motion for summary judgment dismissing the plaintiff's fourth cause of action to recover damages for defamation, and the plaintiff cross-appeals from so much of the same order as (1) denied his motion to compel a nonparty witness to appear for a deposition and to disqualify the defendants' attorneys from representing that witness, (2) found that the defendants' alleged defamatory statements enjoy a qualified privilege, and (3) dismissed the plaintiff's third cause of action.

Ordered that the order is modified by deleting the provision thereof denying the defendants' cross-motion for summary judgment dismissing the plaintiff's fourth cause of action to recover damages for defamation, and substituting therefor a provision granting the cross-motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs to the defendants.

Following the termination of his employment by the defendants as a part-time physician in the emergency room of the defendant St. John's Episcopal Hospital, Smithtown (hereinafter St. John's), the plaintiff commenced the present action to recover, among other things, damages for defamation. The cause of action to recover damages for defamation arises out of the allegedly defamatory statements made by the individual defendants, Ronald Dvorkin, M.D. and Vincent DiRubbio, while they were employed by and acting under the control and supervision of the other named defendants. The statements were made during a discussion of the reasons for the

plaintiff's termination, which occurred on February 1, 1989, at a peer review committee meeting attended by DiRubbio, the interim administrator of the hospital at the time, and the physician members of the hospital's Executive Committee, including Dvorkin.

Although it recognized that statements made in connection with medical and hospital peer review functions enjoy both statutory and common law immunities, i.e., a qualified privilege (see, e.g., Education Law § 6527 [5]; Public Health Law § 2805-m [3] [statutory immunities]; *Buckley v Litman,* 57 NY2d 516, 518-519; *Shapiro v Health Ins. Plan,* 7 NY2d 56, 60-61; *Jung Hee Lee Han v State of New York,* 186 AD2d 536; *Hollander v Cayton,* 145 AD2d 605; *Murphy v Herfort,* 140 AD2d 415; *Friedman v Ergin,* 110 AD2d 620, *affd* 66 NY2d 645 [common law immunities]), the trial court denied the defendants' cross-motion for summary judgment dismissing the plaintiff's fourth cause of action to recover damages for defamation. In doing so, the court stated that the plaintiff had presented sufficient evidence "to raise a factual issue as to whether the statements were false and known by the individual defendants to be false, and thus motivated by malice."

The qualified privilege is defeated when defamatory statements are made with actual malice, which has consistently been defined by the courts as " ' "personal spite or ill will, or culpable recklessness or negligence" ' " *(Shapiro v Health Ins. Plan, supra,* at 61, quoting *Hoeppner v Dunkirk Print. Co.,* 254 NY 95, 106; *see also, Stillman v Ford,* 22 NY2d 48, 53; *Misek-Falkoff v Keller,* 153 AD2d 841, 842; *Hollander v Cayton, supra,* at 606). The record shows that the plaintiff did not sufficiently assemble and lay bare his proof on the issue of malice to warrant sending the question to the jury *(see, e.g., Stukuls v State of New York,* 42 NY2d 272, 279). Accordingly, the cross motion for summary judgment dismissing the plaintiff's fourth cause of action should have been granted.

The contentions raised by the plaintiff on his cross-appeal are without merit. Thompson, J. P., Balletta, O'Brien and Santucci, JJ., concur.