■ PATRICIA DELANEY, Respondent-Appellant, v GOOD SAMARITAN HOSPITAL et al., Appellants-Respondents. [612 NYS2d 433] —In an action to recover damages for age discrimination, defamation and intentional infliction of emotional distress, the defendants appeal from so much of an order of the Supreme Court, Suffolk County (Cannavo, J.), dated September 30, 1992, as denied those branches of their motion for summary judgment which were to dismiss the first and third causes of action asserted in the complaint, and the plaintiff cross-appeals from so much of the same order as granted those branches of the defendants' motion for summary judgment which were to dismiss the second and fourth causes of action asserted in the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof denying those branches of the defendants' motion for summary judgment which were to dismiss the first and third causes of action, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs to the defendants.

The plaintiff was terminated from her at will employment at defendant Good Samaritan Hospital for incompetence based upon a specific incident involving an allegedly "unsatisfactory" summary report she submitted to the hospital's President, Daniel Walsh. The plaintiff commenced this action, alleging that the reasons given for her termination were a pretext for the defendants' real reasons which were to replace her with younger, less well-paid employees and that the defendants' publication of the reasons for her termination to other hospital employees and the vicious manner of the termination constituted, respectively, defamation and intentional infliction of emotional distress.

The Supreme Court denied those branches of the defendants' motion for summary judgment which were to dismiss the causes of action sounding in age discrimination, finding, inter alia, that the plaintiff was entitled to complete discovery. We disagree. The plaintiff has not specified admissible and

legally sufficient facts needed to raise an inference of age discrimination. The specific factual allegations that the plaintiff contends would be supported by this additional discovery are collateral to the question of whether her termination was based upon discrimination. Accordingly, the plaintiff has failed to demonstrate how further discovery might reveal the existence of material facts, currently within the exclusive knowledge and control of the defendants, which would warrant the denial of summary judgment *(see,* CPLR 3212 [f]; *Kracker v Spartan Chem. Co.,* 183 AD2d 810, 813; *Home Sav. Bank v Arthurkill Assocs.,* 173 AD2d 776, 777).

Furthermore, the plaintiff has failed to indicate that she made any reasonable effort during the 18 months from joinder of issue to the defendants' motion for summary judgment to ascertain facts which would give rise to triable issues *(see, Rodriguez v City of New York,* 144 AD2d 352, 354).

We find that there is no merit to the plaintiff's contentions made on her cross appeal concerning dismissal of her causes of action for defamation and intentional infliction of emotional distress *(see, Dos v St. John's Episcopal Hosp.,* 199 AD2d 460; *Callas v Eisenberg,* 192 AD2d 349, 350). Thompson, J. P., Rosenblatt, Pizzuto and Florio, JJ., concur.