■ SYED A. FAROOQ, Appellant, v ROBERT A. COFFEY, Respondent. [616 NYS2d 112] —Order unanimously affirmed with costs. Memorandum: Plaintiff, a psychiatrist formerly employed at the Buffalo Psychiatric Center, commenced this action for libel based on allegedly defamatory statements made by defendant, the Director of Facility Administrative Services at Buffalo Psychiatric Center, in response to a questionnaire sent to him by Millard Fillmore Hospital, where plaintiff had applied for renewal of his staff privileges. Plaintiff appeals from an order granting defendant's motion for summary judgment dismissing the complaint. Defendant established that he is entitled to judgment as a matter of law by demonstrating that there is no triable question of fact on the issue whether the statements were protected by a qualified privilege *(see, Buckley v Litman,* 57 NY2d 516, 520-521; *Shapiro v Health Ins. Plan,* 7 NY2d 56, 60-61). Under common law, a privilege is available to protect any communication made by one person to another on a subject in which both have an interest *(Buckley v Litman, supra; Shapiro v Health Ins. Plan, supra,* at 60-61). A qualified privilege extends to statements about a physician's qualifications by and/or to hospital officials *(Shapiro v Health Ins. Plan, supra; Hollander v Cayton,* 145 AD2d 605, 606; *Murphy v Herfort,* 140 AD2d 415, 416, *lv denied* 73 NY2d 701; *Park v Lewis,* 139 AD2d 961; *Kasachkoff v City of New York,* 107 AD2d 130, 134-135, *affd*

68 NY2d 654). Similarly, two nearly identical statutes, Education Law § 6527 (5) and Public Health Law § 2805-m (3), provide for qualified immunity on the part of "any person * * * or * * * entity on account of the communication of information * * * or on account of any recommendation or evaluation, regarding the qualifications, fitness, or professional conduct or practices of a physician, to any * * * hospital." The statutes, like the common-law rule, expressly protect all communications except those that are both "untrue and communicated with malicious intent" (Education Law § 6527 [5]; Public Health Law § 2805-m [3]; *see generally, Shapiro v Health Ins. Plan, supra; Kasachkoff v City of New York, supra*).

Plaintiff failed to proffer evidence in admissible form that defendant's statements were false and motivated by malice, and thus Supreme Court properly granted summary judgment to defendant *(see, Trails W. v Wolff*, 32 NY2d 207, 221; *Shapiro v Health Ins. Plan, supra; Hollander v Cayton, supra; Kasachkoff v City of New York, supra*). (Appeal from Order of Supreme Court, Erie County, Mintz, J.—Summary Judgment.) Present—Denman, P. J., Fallon, Wesley, Doerr and Boehm, JJ.