■ JACK M. SHAPIRO, Respondent, v CENTRAL GENERAL HOSPITAL, INC., et al., Defendants, and SAMUEL MESSING et al., Appellants. [673 NYS2d 724] —In an action, *inter alia,* to recover damages for prima facie tort, libel, slander, and tortious interference with contract, (1) the defendant Samuel Messing appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Roberto, J.), dated March 26, 1997, as, upon reargument, adhered to a prior determination made in an order of the same court dated October 30, 1996, denying his motion to dismiss the complaint insofar as asserted against him, and (2) the defendant Abraham Azulay separately appeals from the order dated March 26, 1997.

Ordered that the appeal by the defendant Abraham Azulay is dismissed for failure to perfect the same in accordance with the rules of this Court (*see,* 22 NYCRR 670.8 [a], [e]); and it is further,

Ordered that the order dated March 26, 1997, is reversed insofar as appealed from by Samuel Messing, on the law, the motion of the defendant Samuel Messing to dismiss the complaint insofar as asserted against him is granted, so much of the order dated October 30, 1996, as denied the motion of the defendant Samuel Messing to dismiss the complaint insofar as asserted against him is vacated, and the action against the remaining defendants is severed; and it is further,

Ordered that the defendant Samuel Messing is awarded one bill of costs.

Statements made in connection with medical or hospital peer review functions enjoy both statutory and common-law immunities (*see, e.g.,* Education Law § 6527 [5]; Public Health Law § 2805-m [3]; *Buckley v Litman,* 57 NY2d 516, 518-519; *Shapiro v Health Ins. Plan,* 7 NY2d 56, 60-61; *Jung Hee Lee Han v State of New York,* 186 AD2d 536; *Hollander v Cayton,* 145 AD2d 605; *Murphy v Herfort,* 140 AD2d 415; *Friedman v Ergin,* 110 AD2d 620, *affd* 66 NY2d 645). The qualified privilege is defeated, however, when defamatory statements are made with actual malice (*see, Stillman v Ford,* 22 NY2d 48, 53; *Shapiro v Health Ins. Plan, supra,* at 61; *see, Misek-Falkoff v Keller,* 153 AD2d 841, 842; *Hollander v Cayton, supra,* at 606). Here, the plaintiff failed to demonstrate that the alleged de-

famatory statements made by the defendant Samuel Messing were made with actual malice. Thus, the court should have dismissed the second cause of action in the complaint insofar as asserted against Messing. In addition, the first and fifth causes of action to recover damages for prima facie tort and tortious interference with contract, respectively, should have been dismissed insofar as asserted against Messing since the complaint failed to allege that his conduct was motivated solely by malice (*see, International Shared Servs. v County of Nassau,* 222 AD2d 407; *M.J. & K. Co. v Matthew Bender & Co.,* 220 AD2d 488).

We further note that the plaintiff's complaint is defective in that it fails to set forth the "particular words complained of" as mandated by CPLR 3016 (a) and fails to state the particular persons to whom the alleged defamatory comments were made (*see,* CPLR 3016 [a]; *Ott v Automatic Connector,* 193 AD2d 657; *Horowitz v Aetna Life Ins.,* 148 AD2d 584; *Monsanto v Electronic Data Sys. Corp.,* 141 AD2d 514; *Buffolino v Long Is. Sav. Bank,* 126 AD2d 508). Thus, the court should have dismissed the second cause of action insofar as asserted against Messing for this reason as well. Mangano, P. J., Thompson, Santucci and Altman, JJ., concur.