■ BENJAMIN L. ANDERSON, Appellant, v LIVONIA, AVON & LAKEVILLE RAILROAD CORPORATION, Respondent. [752 NYS2d 763] —Appeal from an order of Supreme Court, Livingston County (Stander, J.), entered December 20, 2001, which granted defendant's motion for summary judgment and dismissed the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying defendant's motion in part and reinstating the cause of action for tortious interference with contractual relations and as modified the order is affirmed without costs.

Memorandum: Supreme Court erred in granting that part of defendant's motion seeking summary judgment dismissing the cause of action for tortious interference with contractual relations. Defendant's Board of Directors proposed a reverse stock split whereby defendant would issue one new share of stock to each shareholder for every 10 shares of existing stock. Those shareholders with fewer than 10 shares would be forced to redeem their shares for an amount to be determined by defendant. Plaintiff, who held three shares of defendant's stock, sent letters to other shareholders in which he offered to purchase their shares at a 10% premium over the value set by defendant. Prior to the vote by shareholders on the proposed reverse stock split, the local newspaper ran an article and opinion piece suggesting that plaintiff was acting on behalf of an entity from out of the area in an effort to gain control of defendant corporation. The newspaper article and opinion piece suggested that such a take-over would lead to the demise of defendant corporation. Officers of defendant corporation mailed the article and opinion piece to shareholders, stating in an accompanying letter that "the Company does not know who or what, if anything, [plaintiff] represents." Plaintiff commenced this action asserting causes of action for tortious interference with contractual and business relations based on defendant's alleged interference with his contracts for the purchase of shares from other shareholders, and the court granted defendant's motion for summary judgment dismissing the complaint.

We agree with plaintiff that the court erred in granting the motion with respect to the cause of action for tortious interference with contractual relations. In support of the motion, defendant submitted affidavits of its president, vice-president and general counsel stating, inter alia, that upon information and belief no officer or director had knowledge of agreements between plaintiff and other shareholders for the purchase by

plaintiff of shares held by those shareholders. "To support summary judgment, affidavits must recite material facts from affiants having knowledge of those facts" (*Republic Natl. Bank of N.Y. v Luis Winston, Inc.,* 107 AD2d 581, 582). Because the affidavits are based only upon information and belief and are thus without probative value (*see id.*), we conclude that defendant failed to meet its burden of establishing as a matter of law that no officer or director had knowledge of agreements between plaintiff and other shareholders for the purchase of shares (*see generally Lama Holding Co. v Smith Barney,* 88 NY2d 413, 424). Furthermore, defendant failed to establish that there were no valid contracts between plaintiff and third parties for the purchase of shares; that it did not intentionally procure the third parties' breach of those contracts without justification; and that plaintiff did not sustain damages (*see generally id.*). Defendant therefore failed to meet its initial burden of establishing its entitlement to judgment as a matter of law with respect to the cause of action for tortious interference with contractual relations (*see generally Zuckerman v City of New York,* 49 NY2d 557, 562).

We further conclude, however, that the court properly granted defendant's motion with respect to the cause of action for tortious interference with business relations. In support of that cause of action, plaintiff alleged that defendant wrongfully terminated negotiations for the purchase of shares from other shareholders. "Where there has been no breach of an existing contract, but only interference with prospective contract rights, * * * plaintiff must show more culpable conduct on the part of the defendant" (*NBT Bancorp v Fleet/Norstar Fin. Group,* 87 NY2d 614, 621; *see generally Guard-Life Corp. v Parker Hardware Mfg. Corp.,* 50 NY2d 183, 193-194). Defendant established that it did not engage in wrongful conduct in attempting to persuade shareholders to vote for the reverse stock split and plaintiff failed to raise an issue of fact.

We modify the order, therefore, by denying defendant's motion in part and reinstating the cause of action for tortious interference with contractual relations. Present—Hayes, J.P., Wisner, Hurlbutt, Scudder and Gorski, JJ.