■ ANTHONY J. SAN GEORGE, III, Respondent, v EDEN CENTRAL SCHOOL SYSTEM et al., Defendants, and TOWN OF EDEN et al., Appellants. [775 NYS2d 676]—

Appeal from an order of the Supreme Court, Erie County (Frank A. Sedita, Jr., J.), entered October 27, 2003. The order, insofar as appealed from, denied in part the motion of defendants Town of Eden and John H. McCarthy, individually and in his capacity as a Town of Eden Police Officer, for summary judgment dismissing the amended complaint against them.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted in its entirety and the amended complaint against defendants Town of Eden and John H. McCarthy, individually and in his capacity as a Town of Eden Police Officer, is dismissed.

Memorandum: Supreme Court erred in denying that part of the motion of the Town of Eden and Town of Eden Police Officer John H. McCarthy (collectively, defendants) seeking summary judgment dismissing the fourth, fifth, sixth and eighth causes of action against them. Plaintiff commenced this action to recover compensatory damages after a criminal information charging him with criminal impersonation in the second degree (Penal Law § 190.25 [2]) was dismissed. Plaintiff was arrested on the charge following a police investigation of complaints that he was soliciting certain sponsorships on behalf of the Eden Junior/Senior High School (School) without the School's permission.

We conclude that the only proper inference that may be drawn

from the undisputed facts is that the police acted with probable cause in charging plaintiff (*see Brown v Sears Roebuck & Co.*, 297 AD2d 205, 210-211 [2002]) and lacked "an intent to do harm without excuse or justification" (*Curiano v Suozzi*, 63 NY2d 113, 116 [1984]). Thus, the causes of action against defendants for false arrest (fourth cause of action), malicious prosecution (fifth cause of action) and abuse of process (sixth cause of action) should have been dismissed. Even assuming, arguendo, that the police were mistaken in their belief that plaintiff was acting without the School's permission, we conclude that the evidence establishes that the police "acted reasonably under the circumstances in good faith" (*Colon v City of New York*, 60 NY2d 78, 82 [1983], *rearg denied* 61 NY2d 670 [1983]) by refraining from arresting plaintiff until investigating his claim that he was acting with proper authorization. "Police officers are routinely called upon to investigate allegations of criminal conduct and, in the face of conflicting versions of events, make determinations whether probable cause exists to believe that crimes have been committed" (*Orminski v Village of Lake Placid*, 268 AD2d 780, 782 [2000]). Discrepancies encountered by the police in their investigations "may impair their ability to prove guilt beyond a reasonable doubt at trial, but they generally have little bearing at preliminary stages where the only relevant concern is whether there is sufficient evidence to show probable cause to believe the defendant committed the crime" (*Gisondi v Town of Harrison*, 72 NY2d 280, 285 [1988]).

Defendants further established that the alleged defamatory material on which the eighth cause of action is based is substantially true. Because plaintiff failed to raise a triable issue of fact in response, defendants are entitled to summary judgment dismissing that cause of action against them as well (*see Hung Hee Lee Han v State of New York*, 186 AD2d 536, 537 [1992]). There are no remaining causes of action against defendants, and thus we dismiss the amended complaint against them. Present—Pigott, Jr., P.J., Green, Wisner, Scudder and Gorski, JJ.