JOHN HANCOCK LIFE INSURANCE COMPANY, Formerly Known as JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, Appellant, v 42 DELAWARE AVENUE ASSOCIATES, LLC, et al., Respondents, et al., Defendants. (Appeal No. 1.) [790 NYS2d 344]—

Appeal from an order of the Supreme Court, Erie County

(Frank A. Sedita, Jr., J.), entered November 24, 2003. The order granted the motion of William L. Christie and Eugene C. Tenney to amend the pleadings and reflect them as parties to the action.

It is hereby ordered that said appeal be and the same hereby is unanimously dismissed without costs.

Memorandum: Plaintiff commenced this foreclosure action against, inter alia, 42 Delaware Avenue Associates, LLC (Associates) and its two shareholders, William L. Christie and Eugene C. Tenney (collectively, defendants) after defendants failed to pay on a note and mortgage for an office building in Buffalo. Defendants counterclaimed for monetary damages based on plaintiff's alleged interference with a lease agreement between Associates and a tenant in the office building. After a nonjury trial, Supreme Court granted judgment in favor of plaintiff "as to Plaintiff's right to proceed with the foreclosure action [against Associates] in accordance with the usual procedures and practices of this Court" and further granted Christie and Tenney judgment against plaintiff on the counterclaim. In appeal No. 1, plaintiff contends that the court erred in granting the motion of Christie and Tenney to amend the caption of the pleadings to reflect that they are parties to the action. In appeal No. 2, plaintiff contends that the court erred in granting judgment in favor of Christie and Tenney on the counterclaim. We agree with plaintiff that the court erred with respect to the order in appeal No. 2, and thus we dismiss as moot plaintiff's appeal from the order in appeal No. 1.

The evidence at trial did not establish that there was a breach of the lease agreement between the owner and the tenant in the building and, without a breach, the owner cannot prevail on the counterclaim insofar as it alleges tortious interference with contractual relations (*see Lama Holding Co. v Smith Barney*, 88 NY2d 413, 424 [1996]; *NBT Bancorp v Fleet/Norstar Fin. Group*, 87 NY2d 614, 620-621 [1996]). The evidence at trial also does not support the counterclaim insofar as it alleges tortious interference with prospective contractual relations. In support thereof, the owner had to "show more culpable conduct on the part of the [plaintiff]" than with respect to tortious interference with existing contractual relations (*NBT Bancorp*, 87 NY2d at 621; *see Anderson v Livonia, Avon & Lakeville R.R. Corp.*, 300 AD2d 1134, 1135 [2002]). Indeed, "as a general rule, the [interfering party's] conduct must amount to a crime or an independent tort. Conduct that is not criminal or tortious will generally be 'lawful' and thus insufficiently 'culpable' to create liability for interference with prospective contracts or other

nonbinding economic relations" (*Carvel Corp. v Noonan*, 3 NY3d 182, 190 [2004]). "[N]o such egregious conduct [by plaintiff] was shown here" (*id.* at 191). Present—Scudder, J.P., Kehoe, Smith, Pine and Hayes, JJ.