■ DAVID L. COOPER, M.D., Respondent, v CHARLES J. HODGE, JR., M.D., Appellant. [814 NYS2d 447]—

Appeal from an order of the Supreme Court, Onondaga County (Thomas J. Murphy, J.), entered June 3, 2005. The order denied defendant's motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted and the complaint is dismissed.

Memorandum: Plaintiff commenced this action seeking damages for defamation, tortious interference with contract or prospective contractual relations and intentional infliction of emotional distress. According to plaintiff, defendant made false and disparaging comments concerning plaintiff's performance as a neurosurgery resident in the Department of Neurosurgery at the State University of New York Upstate Medical University (Upstate).

Defendant moved for summary judgment dismissing the complaint following the completion of discovery, but Supreme Court initially rejected that motion as untimely, and the court denied defendant's subsequent motion for leave to submit a motion for summary judgment. We reversed the order denying defendant's subsequent motion and granted the motion (*Cooper v Hodge*, 13 AD3d 1111 [2004]). Defendant now appeals from the order denying his motion for summary judgment dismissing the complaint on the merits. We again reverse.

Defendant established his entitlement to summary judgment dismissing the defamation cause of action by establishing that his comments concerning plaintiff's performance at Upstate were substantially true (*see San George v Eden Cent. School Sys.*, 6 AD3d 1139, 1140 [2004]; *Millennium of Rochester v Town of Webster*, 305 AD2d 1014, 1015 [2003]; *Smith v United Church Ministry*, 212 AD2d 1038, 1039 [1995], *lv denied* 85 NY2d 806 [1995]). He also established the separate defense that his comments were protected by statutory and common-law privileges (*see* Public Health Law § 2805-m [3]; Education Law § 6527 [5]; *Farooq v Coffey*, 206 AD2d 879 [1994]; *see also Foster v Churchill*, 87 NY2d 744, 751 [1996]; *Liberman v Gelstein*, 80 NY2d 429, 437 [1992]). Plaintiff "failed to sustain his burden of raising triable questions of fact on the issues of falsity and malice" (*Farooq v Morelli*, 206 AD2d 880, 880 [1994]; *see Trails W. v Wolff*, 32 NY2d 207, 221 [1973]; *Golden v Stiso*, 279 AD2d 607, 608 [2001]; *Farooq*, 206 AD2d 879 [1994]; *cf. Purgess v Sharrock*, 33 F3d 134, 141 [1994]). Plaintiff's allegations of malice are insufficient to raise a triable issue of fact because " '[m]ere

conclusory allegations, or charges based upon surmise, conjecture, and suspicion are insufficient to defeat the claim of qualified privilege' " (*Golden*, 279 AD2d at 608, quoting *Kamerman v Kolt*, 210 AD2d 454, 455 [1994]; *see Anas v Brown*, 269 AD2d 761 [2000]; *Sanderson v Bellevue Maternity Hosp.*, 259 AD2d 888, 891 [1999]; *Grier v Johnson*, 232 AD2d 846, 849 [1996]).

We likewise conclude that defendant established his entitlement to summary judgment dismissing the cause of action for tortious interference with contract or prospective contractual relations. Defendant met his burden with respect to tortious interference with contract by establishing as a matter of law that plaintiff had no valid, existing contract with a third party (*see Jim Ball Chrysler LLC v Marong Chrysler-Plymouth, Inc.*, 19 AD3d 1094, 1095 [2005], *lv denied* 5 NY3d 709 [2005]; *see generally Lama Holding Co. v Smith Barney*, 88 NY2d 413, 424 [1996]), and he met his burden with respect to tortious interference with prospective contractual relations by establishing as a matter of law that his alleged conduct did not amount "to a crime or an independent tort" (*Carvel Corp. v Noonan*, 3 NY3d 182, 190 [2004]; *see John Hancock Life Ins. Co. v 42 Delaware Ave. Assoc., LLC*, 15 AD3d 939, 940-941 [2005], *lv denied in part and dismissed in part* 5 NY3d 819 [2005]; *cf. Purgess*, 33 F3d at 142).

Finally, we conclude that defendant established his entitlement to summary judgment dismissing the cause of action for intentional infliction of emotional distress. Defendant established that his conduct was not so extreme or outrageous "as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community" (*Howell v New York Post Co.*, 81 NY2d 115, 122 [1993] [internal quotation marks omitted]; *see e.g. Clark v Schuylerville Cent. School Dist.*, 24 AD3d 1162, 1164 [2005]; *Kondo-Dresser v Buffalo Pub. Schools*, 17 AD3d 1114, 1115 [2005]). Present—Pigott, Jr., P.J., Hurlbutt, Martoche, Smith and Pine, JJ.