■ JILL MEYER, M.D., Appellant, v STATEN ISLAND UNIVERSITY HOSPITAL et al., Respondents. [985 NYS2d 908]—

In an action, inter alia, to recover damages for breach of contract and defamation, the plaintiff appeals from an order of the Supreme Court, Richmond County (Maltese, J.), dated August 14, 2012, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action against Staten Island University Hospital (hereinafter SIUH) and Dr. Michael Levy, her supervisor while she was employed at SIUH, alleging breach of contract, tortious interference with contractual and business relations, and defamation. After Levy passed away, his estate was substituted as a defendant.

The Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. The defendants established, prima facie, that SIUH did not breach an agreement with the plaintiff (*see Brualdi v IBERIA, Lineas Aereas de España, S.A.,* 79 AD3d 959, 960 [2010]), and that, in any event, Levy was not a party to the agreement and thus could not be held personally liable for any purported breach (*cf. Black Car & Livery Ins., Inc. v H&W Brokerage, Inc.,* 28 AD3d 595, 595 [2006]). In addition, the defendants established, prima facie, that they did not tortiously interfere with the plaintiff's existing or prospective contractual and business relations (*see NBT Bancorp v Fleet/Norstar Fin. Group,* 87 NY2d 614 [1996]; *Cooper v Hodge,* 28 AD3d 1149, 1151 [2006]), and that they did not defame the plaintiff. They further established, prima facie, that, in any event, the allegedly defamatory statements were protected by qualified privileges (*see* Public Health Law § 2805-k [4]; *Shapiro v Health Ins. Plan of Greater N.Y.,* 7 NY2d 56 [1959]; *Cooper v Hodge,* 28 AD3d at 1150; *Farooq v Coffey,* 206 AD2d 879, 879-880 [1994]).

The plaintiff failed to raise a triable issue of fact in opposition. Her claim that Levy was the source of the allegedly defamatory statements is based purely on surmise (*see Shapiro v Health Ins. Plan of Greater N.Y.,* 7 NY2d at 63). Moreover, her contention that the defendants acted with malice is not only speculative, but is refuted by her own deposition testimony. Rivera, J.P., Austin, Roman and Hinds-Radix, JJ., concur.