Shenoy v Kaleida Health (2018 NY Slip Op 01008)





Shenoy v Kaleida Health


2018 NY Slip Op 01008


Decided on February 9, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, NEMOYER, AND CURRAN, JJ.


1288 CA 17-00721

[*1]SADASHIV S. SHENOY, M.D., PLAINTIFF-RESPONDENT,
v
KALEIDA HEALTH, ET AL., DEFENDANTS, AND RALPH BENEDICT, M.D., DEFENDANT-APPELLANT. 






GIBSON, MCASKILL & CROSBY, LLP, BUFFALO (JOSEPH W. DUNBAR OF COUNSEL), FOR DEFENDANT-APPELLANT. 
GARVEY & GARVEY, BUFFALO (MATTHEW J. GARVEY OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered November 2, 2016. The order denied the motion of defendant Ralph Benedict, M.D. for summary judgment dismissing the complaint against him. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted, and the complaint against defendant Ralph Benedict, M.D. is dismissed.
Memorandum: Plaintiff, a doctor employed by defendant Kaleida Health (Kaleida), performed a surgery in which the patient died. As a result of this incident, and pursuant to Kaleida policy, plaintiff underwent a neuropsychological competence assessment by Ralph Benedict, M.D. (defendant). Defendant thereafter submitted a written report detailing his findings and opinions to both Kaleida's internal review body and plaintiff's personal physician. Plaintiff then commenced the instant action and asserted, inter alia, causes of action for defamation and, in effect, tortious interference with economic relations against defendant based on allegations that defendant's written report and associated oral comments damaged plaintiff's reputation and professional and business relationship with Kaleida. Supreme Court denied defendant's motion for summary judgment dismissing the complaint against him. Defendant appeals, and we now reverse.
We agree with defendant that the court erred in denying that part of his motion with respect to the causes of action for defamation against him. "It is well settled that summary judgment is properly granted [dismissing a defamation cause of action] where a qualified privilege obtains and the plaintiff[] offer[s] an insufficient showing of actual malice" (Trails W. v Wolff, 32 NY2d 207, 221 [1973]). Here, defendant established as a matter of law that his written report and associated oral commentary were protected both by the " common interest' " qualified privilege (Liberman v Gelstein, 80 NY2d 429, 437 [1992]; see Shapiro v Health Ins. Plan of Greater N.Y., 7 NY2d 56, 60-61 [1959]), and by the statutory qualified privilege of Education Law § 6527 (5) (see Colantonio v Mercy Med. Ctr., 135 AD3d 686, 691 [2d Dept 2016], lv denied 28 NY3d 903 [2016]; Cooper v Hodge, 28 AD3d 1149, 1150 [4th Dept 2006]). In opposition, plaintiff failed to raise a triable issue of fact on the issue of actual malice (see Farooq v Coffey, 206 AD2d 879, 880 [4th Dept 1994]).
We further agree with defendant that the court erred in denying that part of his motion with respect to the defamation causes of action on the alternative ground that the allegedly defamatory statements are expressions of pure opinion (see Balderman v American Broadcasting Cos., 292 AD2d 67, 72-73 [4th Dept 2002], lv denied 98 NY2d 613 [2002]; Roth v Tuckman, 162 AD2d 941, 942 [3rd Dept 1990], lv denied 76 NY2d 712 [1990]). "Expressions of opinion . . . are deemed privileged and, no matter how offensive, cannot be the subject of an action for [*2]defamation" (Mann v Abel, 10 NY3d 271, 276 [2008], cert denied 555 US 1170 [2009]).
Contrary to plaintiff's contention, that part of the motion seeking summary judgment dismissing the defamation causes of action is not premature merely because defendant has not been deposed (see Colantonio, 135 AD3d at 693). " A mere chance that somehow, somewhere, on cross examination or otherwise plaintiff[] will uncover something which might add to [his] case but obviously of which now [he has] no knowledge, is mere speculation and conjecture and is not sufficient' " to establish that a summary judgment motion is premature (Trails W., 32 NY2d at 221).
Finally, we agree with defendant that his motion also should have been granted with respect to the causes of action for, in effect, tortious interference with economic relations because defendant established as a matter of law that his conduct was "insufficiently culpable' to create liability for [tortious] interference with . . . economic relations" (Carvel Corp. v Noonan, 3 NY3d 182, 190 [2004]).
Entered: February 9, 2018
Mark W. Bennett
Clerk of the Court