Munno v City of Rochester (2021 NY Slip Op 04830)





Munno v City of Rochester


2021 NY Slip Op 04830


Decided on August 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


467 CA 20-01604

[*1]JOSEPH MUNNO, PLAINTIFF-RESPONDENT,
v
CITY OF ROCHESTER, AND MAYOR LOVELY WARREN, INDIVIDUALLY AND AS MAYOR OF THE CITY OF ROCHESTER, DEFENDANTS-APPELLANTS. 






TIMOTHY R. CURTIN, CORPORATION COUNSEL, ROCHESTER (PATRICK BEATH OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 


 Appeal from an order of the Supreme Court, Monroe County (James J. Piampiano, J.), entered May 12, 2020. The order, insofar as appealed from, denied in part defendants' motion for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is granted in its entirety and the complaint is dismissed.
Memorandum: Plaintiff, the founder and former president of the University Preparatory Charter School of Young Men (school), commenced this action asserting causes of action for defamation and tortious interference with contract. Plaintiff alleged, inter alia, that defendants falsely stated that plaintiff acted with racial motivations when he did not allow a student, i.e., the school's first African American valedictorian, to give a speech at the school's graduation ceremony. Plaintiff further alleged that defendants willfully and intentionally interfered with his business contract or expectancy with the school by disparaging plaintiff and falsely accusing him of racism and bigotry, thereby forcing plaintiff to leave his position as president of the school. Defendants moved for summary judgment dismissing the complaint. Supreme Court granted the motion in part and dismissed the defamation cause of action, and defendants now appeal from the order to the extent that it denied their motion with respect to the tortious interference cause of action.
We agree with defendants that the court erred in denying the motion with respect to the tortious interference cause of action, and we therefore reverse the order insofar as appealed from, grant the motion in its entirety, and dismiss the complaint. To establish a tortious interference cause of action, a plaintiff must establish "(1) that [the plaintiff] had a business relationship with a third party; (2) that the defendant knew of that relationship and intentionally interfered with it; (3) that the defendant acted solely out of malice or used improper or illegal means that amounted to a crime or independent tort; and (4) that the defendant's interference caused injury to the [plaintiff's] relationship with the third party" (Amaranth LLC v J.P. Morgan Chase & Co., 71 AD3d 40, 47 [1st Dept 2009], lv dismissed in part and denied in part 14 NY3d 736 [2010]). Thus, plaintiff is required to demonstrate that defendants "acted with the sole purpose of harming the plaintiff[] or by using unlawful means" (American Recycling & Mfg. Co., Inc. v Kemp, 165 AD3d 1604, 1605-1606 [4th Dept 2018] [internal quotation marks omitted]; see generally Zetes v Stephens, 108 AD3d 1014, 1020 [4th Dept 2013]). Defendants established their entitlement to judgment as a matter of law by submitting plaintiff's General Municipal Law § 50-h hearing testimony, as well as a transcript of the statements made by defendant Mayor Lovely Warren, which were published on defendant City of Rochester's YouTube channel (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Plaintiff testified that he did not allow the student to speak at the graduation ceremony, and the record establishes that Warren's statements, i.e., that "[the student's] school did not allow him to give his valedictorian speech. For some reason, his school, in a country where freedom of speech is a constitutional right, in the [*2]city of Frederick Douglass[,] turned his moment of triumph into a time of sorrow, and pain," that the student would "never get that moment back," and that "[t]his is not a time to punish a child because you may not like what they say," were substantially true (see American Recycling, 165 AD3d at 1606). Moreover, in her statements, Warren did not mention plaintiff by name and referred only to the conduct of the "school," and the statements were made during Warren's introduction of the student in the context of providing him with an opportunity to present publicly the valedictory speech that the student was not permitted to give at his graduation ceremony. On that evidence, it cannot be said that defendants "acted solely out of malice" toward plaintiff (Amaranth LLC, 71 AD3d at 47; see Emergency Enclosures, Inc. v National Fire Adj. Co., Inc., 68 AD3d 1658, 1661 [4th Dept 2009]), or that the statements amounted " 'to a crime or an independent tort' " (Cooper v Hodge, 28 AD3d 1149, 1151 [4th Dept 2006]), and we therefore conclude that defendants met their initial burden on the motion. In opposition to the motion, plaintiff failed to raise an issue of fact (see generally Zuckerman, 49 NY2d at 562).
Entered: August 26, 2021
Mark W. Bennett
Clerk of the Court