Potempa v Potempa (2024 NY Slip Op 03940)

Potempa v Potempa

2024 NY Slip Op 03940

Decided on July 26, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, OGDEN, KEANE, AND HANNAH, JJ.

365 CA 23-00613

[*1]THEODORE POTEMPA AND KEVIN POTEMPA, PLAINTIFFS-RESPONDENTS,
v
TARA POTEMPA, DEFENDANT-APPELLANT. 

FELT EVANS, LLP, CLINTON (KENNETH L. BOBROW OF COUNSEL), FOR DEFENDANT-APPELLANT. 
NORMAN P. DEEP, CLINTON, FOR PLAINTIFFS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Oneida County (Louis P. Gigliotti, A.J.), entered March 9, 2023. The order, among other things, denied in part defendant's motion to, inter alia, dismiss the amended complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: The parties to this action are adult siblings who have had an acrimonious history, and defendant lives with the parties' mother (mother). Prior to the commencement of this action, plaintiff Kevin Potempa and a nonparty brother (brother) commenced a Mental Hygiene Law article 81 proceeding seeking to have a guardian appointed for the mother. Kevin Potempa and the brother then entered into a stipulation of settlement with the mother whereby Kevin Potempa and the brother withdrew the petition in exchange for, among other things, formalized contact between the mother and plaintiffs.
Plaintiffs subsequently commenced this action against defendant asserting in their complaint causes of action for defamation and negligent infliction of emotional distress. Defendant moved, inter alia, to dismiss the complaint for failure to state a cause of action. In opposition to the motion, plaintiffs conceded that they did not have a viable cause of action for defamation, and they served an amended complaint asserting a single cause of action for negligent infliction of emotional distress based on allegations that defendant "commenced a systematic course of conduct to destroy the relationship between [plaintiffs] and their mother." In addition, plaintiffs both submitted affidavits in which they made averments to the effect that, despite the stipulation formalizing their contact with the mother, defendant had prevented them from having contact with her.
Defendant then moved, inter alia, to dismiss the amended complaint for failure to state a cause of action, and plaintiffs opposed. Supreme Court, in its decision on that motion, noted that, at oral argument, it had raised a question "whether the amended complaint, as amplified by [plaintiffs' affidavits], adequately stated a claim for tortious interference with a contract," and further noted that the parties thereafter submitted briefing on that question. The court then determined, inter alia, that plaintiffs do not have a cause of action for negligent infliction of emotional distress, but do have a cause of action for tortious interference with contract. Defendant now appeals from an order that denied the motion to dismiss the amended complaint in part by, inter alia, ordering that the "amended complaint and affidavits set forth a prima facie cause of action for tortious interference with a contract." We affirm.
Defendant contends that the court erred in determining that plaintiffs have a cause of action for tortious interference with contract inasmuch as plaintiffs failed to allege that they had a [*2]business relationship with a third party and failed to plead pecuniary damages. On a motion to dismiss pursuant to CPLR 3211, a court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88 [1994]). In reviewing a motion under CPLR 3211 (a) (7), "a court may freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint . . . and the criterion is whether the proponent of the pleading has a cause of action, not whether [the proponent] has stated one" (Leon, 84 NY2d at 88 [internal quotation marks omitted]). Contrary to defendant's contention, unlike tortious interference with business relations, the elements of tortious interference with contract do not require a business relationship between the plaintiff and a third party (see Kronos, Inc. v AVX Corp., 81 NY2d 90, 94 [1993]; Canandaigua Natl. Bank & Trust Co. v Acquest S. Park, LLC, 170 AD3d 1663, 1664-1665 [4th Dept 2019]; cf. Munno v City of Rochester, 197 AD3d 925, 925-926 [4th Dept 2021]; Amaranth LLC v J.P. Morgan Chase & Co., 71 AD3d 40, 47 [1st Dept 2009], lv dismissed in part & denied in part 14 NY3d 736 [2010]). Also contrary to defendant's contention, unlike a breach of contract action, in "an action . . . for tortious interference, . . . the elements of damages . . . would be those recognized under the more liberal rules applicable to tort actions" (Guard-Life Corp. v Parker Hardware Mfg. Corp., 50 NY2d 183, 197 n 6 [1980]). According plaintiffs "the benefit of every possible favorable inference" (Leon, 84 NY2d at 87), we conclude that the court properly determined that plaintiffs have a cause of action for tortious interference with contract.
We have reviewed defendant's remaining contentions and conclude that none warrants reversal or modification of the order.
Finally, plaintiffs' contention concerning the negligent infliction of emotional distress cause of action is not properly
before us inasmuch as they did not cross-appeal from the order (see Hecht v City of New York, 60 NY2d 57, 63 [1983]).
Entered: July 26, 2024
Ann Dillon Flynn
Clerk of the Court