Matter of Heritage Christian Servs., Inc. v Town of Webster Bd. of Assessment Review
2026 NY Slip Op 03522
June 5, 2026
Appellate Division, Fourth Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

IN THE MATTER OF HERITAGE CHRISTIAN SERVICES, INC., PETITIONER-RESPONDENT,
v
TOWN OF WEBSTER BOARD OF ASSESSMENT REVIEW, ASSESSOR OF TOWN OF WEBSTER, TOWN OF WEBSTER, RESPONDENTS, AND WEBSTER CENTRAL SCHOOL DISTRICT, RESPONDENT-APPELLANT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on June 5, 2026
131 CA 25-00186
Present: Whalen, P.J., Lindley, Ogden, Greenwood, And Hannah, JJ.

FERRARA FIORENZA PC, EAST SYRACUSE (RYAN L. MCCARTHY OF COUNSEL), FOR RESPONDENT-APPELLANT.
JACOBSON LAW FIRM, P.C., PITTSFORD (ROBERT L. JACOBSON OF COUNSEL), FOR PETITIONER-RESPONDENT.

Appeal from an order and judgment (one paper) of the Supreme Court, Monroe County (Daniel J. Doyle, J.), entered August 6, 2024, in a proceeding pursuant to CPLR article 78 and RPTL article 7. The order and judgment, inter alia, granted in part the cross-motion of petitioner for summary judgment.
[*1]
It is hereby ORDERED that the order and judgment so appealed from is unanimously affirmed without costs.
Memorandum: In this hybrid CPLR article 78 and RPTL article 7 proceeding, respondent Webster Central School District (school district) appeals from an order and judgment that, inter alia, determined that petitioner's real property is subject to a real property tax exemption pursuant to RPTL 420-a for tax years 2017 through 2023. We affirm.
Contrary to the school district's contention, petitioner, a property owner seeking an exemption from real property taxes pursuant to RPTL 420—a, met its burden of establishing that the subject property is used exclusively in furtherance of its charitable purpose (see RPTL 420-a [1] [a]; Matter of Merry-Go-Round Playhouse, Inc. v Assessor of City of Auburn, 24 NY3d 362, 367-368 [2014]; Matter of Salvation Army v Town of Ellicott Bd. of Assessment Review, 100 AD2d 361, 362 [4th Dept 1984]; see also Matter of Adult Home at Erie Sta., Inc. v Assessor & Bd. of Assessment Review of City of Middletown, 10 NY3d 205, 216 [2008]; Matter of Association of Bar of City of N.Y. v Lewisohn, 34 NY2d 143, 153 [1974]). With respect to petitioner's cross-motion for summary judgment seeking an order requiring the exemption, we conclude that the affidavit of petitioner's president and chief executive officer relied upon her firsthand knowledge in detailing several aspects of petitioner's operations and thus had probative value (see Gherghinoiu v ATCO Props. & Mgt., Inc., 32 AD3d 314, 315 [1st Dept 2006], lv denied 7 NY3d 716 [2006]; cf. Anderson v Livonia, Avon & Lakeville R.R. Corp., 300 AD2d 1134, 1134-1135 [4th Dept 2002]). We further conclude that, in opposition to petitioner's showing, the school district failed to raise a material issue of fact (see generally Merry-Go-Round Playhouse, Inc., 24 NY3d at 369).
Entered: June 5, 2026
Ann Dillon Flynn
Clerk of the Court